CORRIGAN v. GAGE *et al.*, *Appellants.*

**City Ordinance: Unreasonableness of: Evidence.** A city ordinance is not conclusive, but may be shown to be unreasonable. In a suit on a special tax bill for the building of a sidewalk, evidence is admissible to show that the ordinance authorizing its construction was unnecessary and oppressive—it being located in an uninhabited portion of the city and disconnected with any other street or sidewalk.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

*Gage & Ladd* for appellants.

That the ordinances of a municipal corporation cannot be attacked for an error of judgment, or an apparently unwise exercise of discretion, is true. But, however broad may be the powers of legislation granted to a corporation, however varied the subjects they may affect, or however large the discretion intrusted to it, its ordinances must submit to the test of reasonableness. Whether the question is one for the court or the jury may be doubtful, but in every case where the action or the defense to it is based upon an ordinance or by-law of a corporation, evidence to show its unreasonableness or oppressiveness is material and competent and ought to be heard, and its exclusion is error, otherwise an ordinance might require a sidewalk to be built of gold. Dillon Mun. Corp. (2 Ed.) § 253; Field on Corporations, § 296; *Mayor of Hudson v. Thorne,* 7 Paige 261; *City of St. Louis v. Weber,* 44 Mo. 547; *Dunham v. Rochester,* 5 Cow. 462; *Commonwealth v. Robertson,* 5 Cush. 438; *Kip r. Patterson,* 2 Dutch. 298; *Clason v. Milwaukee,* 30 Wis. 316; *Commonwealth v. Worcester,* 3 Pick. 462; *Commissioners v. Gas Co.,* 12 Penn. St. 318; *Mayor v. Winfield,* 8 Hump. 707.

*J. C. Tarsney* for respondent.

The charter gives to the council legislative power to construct sidewalks whenever in their discretion they are deemed necessary. Their decision as to the expediency or necessity of the exercise of their power is not subject to review by the courts. *Hoffman v. City of St. Louis*, 15 Mo. 607; *McCormack v. Patchen*, 53 Mo. 33. The evidence offered was therefore inadmissible.

SHERWOOD, C. J.—Suit on a special tax bill issued by the city engineer of the City of Kansas in favor of plaintiff and against a lot owned by defendants.

The suit was brought before a justice of the peace and by the defendants appealed to the law and equity court. The tax bill was one of many issued to the plaintiff as the contractor for the building of a sidewalk three blocks in length upon one side of a street on which defendants' lot fronted.

The ordinance directing the construction of this sidewalk was approved July 23rd, 1873.

The charter provisions upon the subject, in force at that time, were section 25 of an act of the General Assembly, approved February 28th, 1872, (Sess. Acts, 1872, p. 408,) and section 3 of an act approved March 22nd, 1873, (Sess. Acts 1873, p. 284).

On the trial the plaintiff read in evidence the tax bill sued on, and rested. The defendants then called H. H. Skiles as a witness, who having first testified as to his familiarity with the locality, and otherwise established his competency as witness upon the matters in question, was by the defendants asked to state the location of said walk, the situation and condition of the land in its vicinity; whether the same was improved or occupied, the number of residences or places of business in the neighborhood or vicinity of said walk, fronting thereon, and any other facts within his knowledge as to the necessity or usefulness of said sidewalk.

The plaintiff objected to the question, on the ground

that the action of the common council of the City of Kansas in the passage of the ordinance providing for the building of said walk, was conclusive on the defendants, and that the necessity or reasonableness of the ordinance could not be inquired into. .

The defendants then stated that their object in asking the question, was to prove, and they then and there offered to prove by the witness, that the sidewalk ran north and south along the east line of Skiles and Western's addition (in which defendants' lot was situated) to the City of Kansas; that none of the lots situated along said sidewalk, and fronting thereon, were fenced or occupied in any way; that on the east side of that part of Liberty Street, facing said walk for the space of one-quarter of a mile east thereof, the ground is and was wholly unfenced and uninhabited; that there is and was one small shanty at the extreme southern end of said walk; that said Skiles and Western's addition is in the extreme southwestern portion of the corporate limits of the City of Kansas; that south of said addition and of said walk, it is open and unoccupied ground for the space of a mile; that teams traveling to and from the State of Kansas pass over the lots in said addition, and the land south thereof, without reference to the located streets and without objection from the owners of the property; that there are no persons living in the vicinity excepting the family living in the shanty before mentioned, by whom the sidewalk could or can be advantageously used in going to or from their homes or places of business; that said walk extends along the east line of Skiles and Western's addition for the space of about eight hundred feet and terminates at the southeastern corner thereof, and does not there connect with any other sidewalk or any traveled street; that the building of said walk was wholly unnecessary and useless, and could and does subserve no useful purpose; that the northern part thereof is in wet weather submerged and at some points is habitually crossed by teams and has thereby been ruined,

and that there was not at the time of the passage of said ordinance and never has been any apparent or actual, or possible use or necessity, present or prospective, or pretense of such use or necessity of a sidewalk along said street, and that the ordinance is entirely unreasonable and a gross imposition upon the owners of property on said street.

The court sustained the objection to the question, and would not permit the defendants to prove by the witness the facts so offered to be proven. Defendants offered to prove the same facts by other witnesses, who were sworn, but the evidence was excluded. The defendants excepted to the ruling. There being no further evidence offered, the jury found for the plaintiff, and the case comes here by appeal.

The only question for our consideration is in reference to the admissibility of the evidence offered. The plaintiff had made out his case *prima facie* on production of the tax-bill, and there can be no question but that the city was, under the charter, authorized to have work done of the description specified in the bill sued on. The admissibility of the evidence depends upon the point whether the ordinance of a city, passed in pursuance of its charter, can be assailed in the manner attempted in the case at bar. Speaking in general terms, the authorities of a city may be said to have a large discretion as to the necessity or expediency of the ordinances which they adopt. But their powers in this regard are by no means omnipotent; otherwise the citizens would be without remedy or redress. Those powers must be exercised within the bounds of reason and apparent necessity; they must not impose a burden without a benefit, and the reasonableness of their exercise is a fit subject for inquiry. This principle has been expressly recognized by this court, Judge Bliss saying: "That corporations have none of the elements of sovereignty; that they cannot go beyond the powers granted them, and that they must exercise such granted powers in a reasonable manner, are

propositions that cannot be disputed." *City of St. Louis v. Weber*, 44 Mo. 547. This doctrine is one of general recognition as shown by the authorities cited by defendants, and is not gainsaid by those of our own State, cited by plaintiff, when those cases are rightly considered with reference to the point under discussion. If the testimony offered by defendants set forth the facts of the case, then the ordinance for the paving of the sidewalk in question, in an uninhabited portion of the city, and totally disconnected with any other street or sidewalk, was altogether unreasonable and oppressive, and presents such features as loudly invoke judicial inquiry. Judgment reversed and cause remanded. All concur.

REVERSED.