THE CITY OF CAPE GIRARDEAU v. RILEY, *Appellant.*

1. **Cape Girardeau City Charter:** TAXATION: MERCHANT'S LICENSE.
The charter of the city of Cape Girardeau authorized the city to
levy taxes for railroad purposes upon "all property in the city made
taxable by the general law of the State for State purposes." The
3rd section of the General Statute in relation to merchants' licenses,
(Wag. Stat., p. 938,) required that all merchants should pay an *ad
valorem* tax, equal to that levied upon real estate, on the highest
amount of goods in their possession, whether owned by them or
consigned to them for sale, at any time during a certain named pe-
riod of the year. *Held,* that this statute imposed an indirect tax on
property, and not a mere arbitrary charge for the exercise of a priv-
ilege; and that the foregoing provision of the charter authorized
the city to impose a similar tax, the amount of which should be
ascertained in the same way.

2. **Municipal Ordinances must Conform to Charter and be
Reasonable.** The ordinances of municipal corporations are subject
to revision by the courts, and though large discretion is allowed,
yet when an ordinance is found not to be in conformity to charter,
or not reasonably incident to powers conceded in the charter, it will
be held void.

3. ———: CASE ADJUDGED: TAXATION OF ATTORNEY'S FEES AS COSTS.
A city ordinance provided that delinquent city taxes should bear
interest at the rate of two per cent per month until paid, and if not
paid by a day named, that fifty per cent should be added as a pen-
alty, and if suit should be brought and judgment should be recov-
ered by the city, that there should be taxed as costs against the
defendant a fee of $25 for the city's attorney, and in case of appeal
to the Supreme Court, a further fee of $50; and these fees were to
be so taxed whether the defendant's defense was *bona fide* or frivo-
lous. It appearing in the present case that the defense was *bona fide,*
*Held,* that the provision of the ordinance in relation to attorney's
fees was unreasonable and unnecessary to carrying out the charter,
and the fees should not be allowed.

*Appeal from Cape Girardeau Court of Common Pleas.*—HON.
H. G. WILSON, Judge.

REVERSED.

*Louis Houck* for appellant.

*Lewis Brown* for respondent.

NAPTON, J.—The principal point in this case is, whether
the city of Cape Girardeau had power to pass an ordinance
numbered 208, by which the defendant, who was a mer-
chant, was condemned to pay an *ad valorem* tax upon $6,000
of merchandise, ascertained under the general law of the
State, which provides for licenses to merchants. The suit
was upon a bond given by the defendant, as principal, and
J. S. Riley, as security, for the payment on the 1st day of
November, 1871, to the collector of the city, of all taxes
then due from said defendant for the twelve months ending
said 1st day of November, 1871, on his license as vendor
of goods, wares and merchandise, and in default of such
payment to pay all damages and costs. The petition then
recites the ordinances, and among other ordinances 208, in
which it was provided that merchants should pay an *ad
valorem* tax equal to that levied upon real estate, on the
highest amount of goods which they may have in their
possession or under their control, whether owned or not,
between the first Monday in March and first Monday in
June, and asserts that Riley, the defendant, had in his pos-
session between these dates $6,000 worth of goods, and
consequently was obliged to pay $180, and refused to pay,
etc. The answer denies that the city had power to pass
this ordinance, and further asserts that said Riley was only
the owner of $1,000 worth of personal property, and that
this city had no power to make an ordinance providing for
the collection of a railroad tax on personal property in
possession of defendant but not owned by him. The only

evidence adduced on the trial was that the goods, etc., in Riley's possession during the year of this assessment, were worth $6,000.

The charter of the city of Cape Girardeau, originally granted in 1863, was amended in 1869, and under the amendment the city was authorized to sub-scribe for "stock in any railroad where the same leads from or to said city," and to pay said subscription, either principal or interest, was empow-ered to levy a tax upon all property therein made taxable by the general law of the State for State purposes. The general law in regard to such subscriptions authorized them to be made to any railroad duly organized under any law of the State, and then in order to pay said subscription the city authorities were authorized " to levy a special tax upon all property made taxable by law for county purposes, and upon the actual capital that all merchants and grocers and other business men may have invested in business in the city." 1 Wag. Stat., p. 305, § 18. The ordinance (208) pursued the general law in regard to merchants, which enacts (§ 3, 2 Wag. Stat., p. 938), that merchants shall pay an *ad valorem* tax equal to that levied on real estate, upon the highest amount of goods which they may have in their possession or under their control, whether owned by them or consigned to them for sale, at any time between the first Monday of March and the first Monday in June, with cer-tain exceptions having no bearing on this case.

The question is, whether those statutes are inconsist-ent, and if so, which must govern in this case. For my-self, I incline to the opinion that there was nothing in the general law in regard to railroad subscriptions materially different from that in the law ascertaining the tax upon a merchant's license. The language is different, but no mode was pointed out by which the actual capital invested by the merchant could be ascertained. But waiving this, there is no question that the Cape Girardeau charter authorized an *ad valorem* tax, to be ascertained under the State gen-

*(margin note:* 1. CAPE GIRARDEAU CITY CHARTER: taxation: mer-chant's license.*)*

eral law. If there was a conflict between them, the charter of the city should govern, as it was passed after the adoption of the general statute in regard to railroad subscriptions, and indeed varied from the general statute in restricting the right of Cape Girardeau to subscribe only to such roads as lead to or from said city. To pay this subscription the city was authorized to levy and collect a tax upon all property therein made taxable by the general law of the State for State purposes. We regard the law on merchant's licenses, as an indirect taxation. Indeed the 3rd section so declares it, for it says that merchants shall pay an *ad valorem* tax equal to that levied on real estate, on the highest amount of goods in their possession, between certain periods named in the law. That this tax was collected through the medium of a license, did not make it less a tax. It was not an arbitrary charge for the exercise of a privilege, but an *ad valorem* tax varying with the amount of business done by each merchant. It is not easy to see how the actual capital of a merchant, which is necessarily constantly changed by sales and purchases, could be ascertained unless by some such plan as is adopted in the license law. However that may be, it is the goods upon which the tax is levied, and not the person who may have them in charge. The ordinance (208) was, therefore, valid under the charter of Cape Girardeau, and the decision of the circuit court on this point, must be affirmed.

Another point is, however, made in this case, and that is, that the tax of $50 attorney's fee and two per cent per month, as authorized by ordinance 238, was unreasonable and unnecessary to carry out the provision of the charter, and should not, therefore, be allowed. The circuit court rejected the motion to allow the $25 fee also allowed by said ordinance. That the ordinances of these municipalities are subject to revision by the courts, and when not in conformity to the charter or not reasonably incident to powers conceded in the charter, may be reviewed by the judiciary, is decided

2. MUNICIPAL ORDINANCES MUST CONFORM TO CHARTER AND BE REASONABLE.

in the recent case of *Corrigan v. Gage & Ladd*, 68 Mo. 541. That a large and liberal discretion is to be allowed to the municipal authorities, is conceded.

It may be observed that the defense set up in this case is evidently a *bona fide* one, and one upon which law-yers and judges will differ. It is not a friv-olous defense, for mere vexation or delay. This court has frequently, where differences were purely technical or frivolous, inflicted ten per cent damages upon the party appealing, but this ordinance, in-tended, doubtless, to prevent frivolous defenses, really goes so far as to render it exceedingly dangerous in a pecuniary point for one to appeal to the courts on even a difficult and embarrassing question. The party defending, if unsuccess-ful, is first to pay as costs charged against him $25 fee al-lowed the attorney of the corporation in the lower court; then $50 for the same attorney's fee for taking the case to the Supreme Court; and in the meantime 2 per cent per month interest from the time the tax becomes due until paid, and if the tax is not paid on the 1st day of January, 1872, fifty per cent of said tax is prescribed as a penalty to be collected the same as the tax. It would seem to require considerable amount of patriotism to venture upon a liti-gation, in which the losing party has not only to pay his own lawyers, but also his adversary's and two per cent per month on such delays as almost inevitably attend the set-tlement of litigation in the higher courts. In all other cases, even where the State is a party, no litigant is required to do more than pay the costs of the litigation, if unsuc-cessful, and is never required to pay his adversary's attor-ney, and where the defense is frivolous this court has some-times added ten per cent damages. The effect of this ordinance 238, if held valid, is virtually to prevent all op-position to the collection of the tax, however reasonable and *bona fide* it may be, and in that respect places the city of Cape Girardeau in a more advantageous position than any other litigant in the State. The most oppressive and

[margin note: 3. ——: case ad-judged: taxation of attorney's fees as costs.]

unjust taxation, and such as is not authorized by the charter, may be carried out without question, since the original taxes are mostly small sums and would hardly justify their dispute at the risk of paying two or three times their amount, if unsuccessful. The judgment of the circuit court is reversed and the case remanded, with direction to that court to enter a judgment against the defendant for the tax, with interest at the rate of two per cent a month and costs. The other judges concur.