City of Kansas v. Cook.

CITY OF KANSAS, Respondent, v. WM. M. COOK, Appellant.

Kansas City Court of Appeals, January 6, 1890.

1. **Constitutional Law** : JURISDICTION OF THE COURTS OF APPEALS. The jurisdiction of the courts of appeals cannot be ousted because the appellant might insist upon a construction of the constitution, but, in fact, does not.

2. **Municipal Corporation** : POLICE POWER : MILK ORDINANCE. An ordinance of the City of Kansas prohibiting the sale of skimmed milk is examined in the light of the authorities and *held* a valid exercise of the police power of the city under its charter.

*Appeal from the Jackson Criminal Court.*—HON. HENRY P. WHITE, Judge.

AFFIRMED.

*John W. Wofford*, for the appellant.

(1) The defendant asks for a reversal of judgment on the ground that the ordinance in evidence is unreasonable and unauthorized by the charter of the city, proposes the taking of the property of the citizen without due process of law, and that the legislature of

Missouri could not enact a similar law; that regulation is the only police power the city can exercise in this matter under the charter. City Charter, sub-div. 33, sec. 1, art. 3; Bill of Rights, Const. of Mo., secs. 4, 30; *McCoy v. Zane*, 65 Mo. 15; *Lowery v. Rainwater*, 70 Mo. 156, 7 and 8; *Railroad v. Husen*, 95 U. S. 465; *Barbier v. Connelly*, 113 U. S. 27; *Stone v. Mississippi*, 101 U. S. 814; *Patterson v. Kentucky*, 97 U. S. 501; *Butchers' Ass'n v. Crescent City L. S. Co.*, 16 Wall. 36; *Mayor v. Miller*, 11 Peters, 102; *St. Louis v. Fitz*, 53 Mo. 582; *State v. Fisher*, 52 Mo. 177 ; *Andrews v. State*, 3 Heisk. 165; *State ex rel. v. Trustees, etc.*, 102 Ill. 489; 28 South. Law Jour., No. 3, p. 54; *Anderson v. City of Wellington*, 19 Pac. Rep. 719; *Board v. Barrie*, 34 N. Y. 662; *Bartemeyer v. Iowa*, 18 Wall. 129; *License Cases*, 5 How. [U. S.] 504; *Thorpe v. Railroad*, 27 Vt. 140; *St. Paul v. Treager*, 25 Minn. 248; *St. Louis v. Grove*, 46 Mo. 574; *Haynes v. Appleton*, 24 Wis. 543; *Ex parte Frank*, 52 Cal. 606; *Hill v. Decatur*, 22 Ga. 203; *Sweet v. Wabash*, 41 Ind. 7; *Corrigan v. Gage*, 68 Mo. 541; *Berthorp v. O'Riley*, 74 N. Y. 509; *Town of Pacific v. Leipert*, 79 Mo. 215; *Fowler v. City of St. Joseph*, 37 Mo. 237; *Ellis v. Whitlock*, 10 Mo. 781; *Thompson v. City of Boonville*, 61 Mo. 282; *City of St. Louis v. Clemens*, 43 Mo. 397; *Logan v. Pyne*, 43 Iowa, 524; *Kiley v. Oppenheimer*, 55 Mo. 378; *Leach v. Cargill*, 60 Mo. 316; *City of Louisiana v. Miller*, 66 Mo. 467; *St. Charles v. Nolle*, 51 Mo. 122; *Minturn v. La Rue*, 23 How. [U. S.] 437; *Thomas v. City of Richmond*, 12 Wall. 349; *Halpin v. Campbell*, 71 Mo. 498; *Knox City v. Thompson*, 19 Mo. App. 523; *Rumsey, etc., v. Schell City*, 21 Mo. App. 175; *State v. Addington*, 12 Mo. App. 214; *State v. Addington*, 77 Mo. 110; *State v. Beattie*, 16 Mo. App. 131; *Beer Co. v. Massachusetts*, 97 U. S. 25; *People v. Marx*, 99 N. Y. 377; *Matter of Jacobs*, 98 N. Y. 98; *People v. West*, 106 N. Y. ; Tiedeman Police Powers, pp. 4, 294; Potter's Dwarris, p. 450; *Rogers v. Elliott*, 146 Mass. 349.

*L. C. Slavens* and *F. W. Randolph*, for the respondent.

(1) The ordinance in question is not in conflict with the general declarations of property, and other, rights in the federal and state constitutions. *State v. Addington,* 12 Mo. App. 214, affirmed in 77 Mo. 116. (2) Whatever may be said concerning the definition of the word "regulations," employed in subdivisions 5 and 33, section 1, article 3, of the charter of 1875, express power is given to the city by said subdivision 33 to "pass, publish, amend and repeal all ordinances" in harmony with the constitution and laws of the United States and the constitution of this state, and "necessary for the good government" of the city. This is an express grant of the police power; the city under this provision of its charter possessed that power, for all municipal purposes, as fully as it was within the power of the legislature to confer it; and the power of the legislature to confer is, in such instance, measured by its own power to exercise. Dillon Municipal Corp. [Ed. 1881] sec. 141, p. 166; sec. 308, p. 322. (3) The police power must be exercised in reason and for common good; but, if the public good so requires, it may prohibit as well as regulate, and may prohibit the sale of an article, the use of which does not jeopardize the public safety, or injuriously affect the health or morals of the community. *State v. Addington,* 12 Mo. App. 214 and 77 Mo. 116, *supra; Commonwealth v. Farren,* 9 Allen [91 Mass.] 489; *Powell v. Commonwealth,* 114 Pa. St. 265–292. While police legislation which has no public good in view is subversive of liberty and void, the legislature, nevertheless, possesses a wide discretion in determining what legislation the public good requires and justifies; and it would be a usurpation for the courts to interfere in other than very plain cases. If the case be one in which there is room for difference of opinion, the court

will not be justified in setting up its opinion in opposition
to that of the legislature. *State v. Addington, supra;*
*Powell v. Commonwealth*, 114 Pa. St., *supra*, page 296;
*Railroad v. Casey*, 26 Pa. St. 286–300; *Cearfoss v. State*,
42 Md. 403–409. Where there is a doubt, it will be
resolved in favor of the validity of the enactment. *St.
Louis Co. v. Griswold*, 58 Mo. 192; *State v. Able*, 65
Mo. 357.

SMITH, P. J.—This case was instituted in the
recorder's court of the City of Kansas, founded on this
charge : That the defendant had sold, in the City of
Kansas, "milk containing less than twelve per cent. of
solids,—three of which are fat." Defendant was
convicted in said city court and appealed the case to the
criminal court of Jackson county, where he was again
tried, and at the January term, 1889, convicted, when
he appealed to this court.

In support of this charge, the city put in evidence
the ordinance of the City of Kansas, approved twenty-
ninth of September, 1885, and which provided that
"The sale or offering for sale of skimmed milk or any
milk containing less than twelve per cent. of total
solids, three of which shall be fat, is absolutely prohib-
ited, etc. Dr. Hunter, city chemist, testified that
the total solids of the milk in question were ten and
sixty-six hundredths, less than three per cent. of which
was fat ; that there was no foreign substance in the
milk; that it was adulterated by taking away the fat;
that it was not adulterated by adding any foreign
substance, and was not unwholesome for an adult, and
that all there was about it, it was skimmed milk.
Another witness testified that the milk was bought by
her from the defendant and was afterwards tested by
the city chemist. It was agreed that the milk in
question when sold had a commercial value.

The defendant asked the court, sitting without a
jury, to declare the law to be "That ordinance of the

City of Kansas prohibiting the sale of milk having less than twelve per cent. of total solids, three of which are fat, is an unreasonable regulation, unreasonable in its effects, illegal and unconstitutional and an exercise of authority by the City of Kansas it does not possess by its charter," which was by the court refused.

A motion for a new trial was filed and overruled, and judgment was rendered against defendant, to reverse which this appeal was prosecuted.

I.   The instruction asked by the defendant, and refused by the trial court, presents a constitutional question which would oust this court of its jurisdiction of the appeal, were it not that the defendant, who alone raised the question below and who alone can take advantage thereof, expressly waives by renunciation filed herein any such question, and concedes the constitutional validity of the ordinance upon which the prosecution was based.   The jurisdiction of this court cannot be ousted because the appellant might insist upon a construction of the constitution, but, in fact, does not.   *Coy v. Railroad*, 27 Mo. App. 584.   Our examination of the questions arising on the record will therefore not extend to the constitutional question which has been practically eliminated from the record by the defendant's renunciation.

II.   It being conceded that the charter of the City of Kansas, under which the ordinance in question was passed, is in harmony with the constitution of the state, the only question at which we are permitted to look is, whether the passage of the said ordinance by the city was a reasonable exercise of its power to make police regulations.

This question must be examined without reference to constitutional provisions, and, therefore, the inquiry must necessarily be restricted to very narrow grounds. Being thus hampered, we have felt quite embarrassed in our endeavors to give this question, which seemingly

is affected by constitutional provisions, that just consideration which its importance so imperatively demands. It is to be regretted that this appeal cannot be heard and determined by an appellate tribunal whose jurisdiction is not so fettered by constitutional limitations as ours.

Assuming the charter to be valid, the question arises is the ordinance a reasonable exercise of the power conferred by it. However extensive this power is, it is not an unrestrained power. It cannot be exercised capriciously so as to strike down the rights of property when no real or apparent benefit will be promoted thereby. The judicial courts will declare a municipal ordinance invalid when it is clearly unreasonable. This power is in the nature of a judicial veto upon the acts of municipal legislatures which, under our system of government, are elected by the people, whose numbers are drawn from all classes of the community, perform their legislative functions under the immediate eye of their constituents; and who are hence better able to judge of what is a reasonable exercise of their powers than the judicial courts are.

This being so, a clear case should be made out to authorize an interference upon the ground of unreasonableness. *State ex rel. v. Pond*, 93 Mo. 606; *State v. Beattie*, 16 Mo. App. 131. A large and liberal discretion is allowed to the municipal authorities, is conceded. *St. Louis v. Weber*, 44 Mo. 547. The grounds upon which an ordinance may be declared void for unreasonbleness have been said to be three: (1) When it is oppressive, unequal and unjust; (2) when it is altogether unreasonable, and (3) when unreasonable. *City of Cape Girardeau v. Riley*, 72 Mo. 220; *Corrigan v. Gage*, 68 Mo. 541. Is the ordinance prohibiting the sale of skimmed milk subject to either of the objections for unreasonableness which has just been stated, under the rule that a clear case must be made out before the

courts are authorized to interfere on that account? The rule further is, in such cases, that when there is a doubt it must be resolved in favor of the validity of the enactment. *St. Louis v. Griswold*, 58 Mo. 192; *State v. Able*, 65 Mo. 357.

Is the police power restricted to regulation only, or does it extend to prohibition in this class of cases? It is conceded in this case that skimmed milk is an article having a commercial value, that it is property. It is also shown to be not unwholesome for adults and from which may be deduced the inference that it is unwholesome to those who are not adults. Then we have a case where the article prohibited has a commercial value and is wholesome for one class and unwholesome for another. It may be highly nutritious and life-sustaining for one class and a deadly poison for the other.

That the lacteal fluid as it comes from the udder of the cow is wholesome to persons generally is a fact so notorious as to be known to all intelligent persons, and which may therefore be assumed by us, but when deprived of its fatty matter or cream it is not denied that it becomes exceedingly deleterious to those using it who are not adults. The contention that because it is deleterious to only one class of the community and not to another that the health of the community is not endangered by the sale is wholly untenable. It might with as much show of reason be contended that a physical entity has not been affected because only one member of a part of it has received an injury. It is a physical as well as social fact, we may assume, that that which affects a part affects the whole. And any law which protects the health of a part of a community *ipso facto* protects that of the community in its entirety.

Ordinarily the right of property in an article involves the power to sell and dispose of it as well as to use and enjoy it. Any act which declares that the owner shall neither sell it nor dispose of it is confiscation and ought not therefore be upheld. *McCoy v.*

*Zane*, 65 Mo. 15; *Lowery v. Rainwater*, 70 Mo. 156; But this line of thought we are not permitted to pursue for reasons already indicated.

But this doctrine is not of universal application, for as we shall presently see the manufacture and sale of an innocuous article having a commercial value can be prohibited by an exercise of the police power of the state. Skimmed milk, as has been already stated, is deleterious to one class of the community. Its use by that class, it is argued, has been condemned by scientific judgment as being baneful to health.

In this respect this case differs from the "oleomargarine" case (*State v. Addington*, 12 Mo. App. 214 and 77 Mo. 116), for there the subject of the prohibition was entirely innocuous, and besides had a commercial value. There is then a greater public reason for governmental interference in this case than there was in that. There the circuit court held the act a valid exercise of the police power not because the article manufactured and sold for human food was injurious to the health of the consumer, but upon the ground that in the judgment of the legislature such an enactment was the only means of preventing a fraudulent imposition upon the purchasers of an article which they would not knowingly buy. It seems that the manufacture and sale of an article which is an imitation of the natural one can be prohibited even when it is innocuous and possesses a commercial value and is property. *Powell v. Pennsylvania*, 127 U. S. 678. This case it would seem goes to the very *ultima thule* of this power. It illustrates its vast, undefined and apparently illimitable extent.

The ordinance here has for its object the prevention of fraudulent imposition upon the purchaser of an article of milk which he would not knowingly buy and the protection of the public health, and it is therefore highly beneficent. It cannot be deemed oppressive or unreasonable nor in excess of the powers

conferred upon the city. What our conclusion would be did we regard the question we have considered *res integra* or were we permitted to take a wider range than we have in the discussion of the same it is needless to say. We are not pioneers in this field of thought. We must undeviatingly follow the line that has been blazed out by others in authority who have preceded us. It results from these observations that the judgment of the criminal court will be affirmed. All concur.