The City of Plattsburg v. Riley.

THE CITY OF PLATTSBURG, Respondent, v. ORBISON P. RILEY, Appellant.

Kansas City Court of Appeals, November 10, 1890.

1.  **Conflict of Decisions.** When the supreme court has rendered an opinion in which it has passed *sub silentio* a former one on the same subject, and has overruled it by the clearest implications, the court of appeals should be bound thereby.

2.  **Municipal Corporations:** ORDINANCE EXTENDING BOUNDARIES SUBJECT TO JUDICIAL REVIEW. The reasonableness of an ordinance extending the boundaries of a city of the fourth class is open to judicial scrutiny.

3.  ———: RULES TOUCHING REASONABLENESS OF ORDINANCES APPLIED. The rules touching the reasonableness of ordinances are applied by the court to an ordinance extending the boundaries of the city of Plattsburg, and the ordinance is sustained as reasonable ; and it is *held* that the mere fact of defendant's personal property being subject to municipal taxation was wholly insufficient to justify an assault upon the validity of the ordinance.

*Appeal from the Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Riley & Herndon*, for appellant.

(1)  The power given to cities to extend their corporate limits must be reasonably and properly exercised. *Kelly v. Meeks*, 87 Mo. 396. (2) It should not impose a burden without a benefit, and the reasonableness of the

exercise of such power is a fit subject of judicial inquiry. *Corrigan v. Gage*, 68 Mo. 541; *St. Louis v. Weber*, 44 Mo. 547; Cooley's Const. Lim., sec. 500; *Covington v. Authur*, 14 S. W. Rep. 121.

*M. B. Riley*, for respondent.

(1) The extension of corporate boundaries is a legislative question, over which courts have no control. *Walden v. Dudley*, 49 Mo. 421; *Giboney v. Cape Girardeau*, 58 Mo. 141. (2) The legislature may annex, or authorize the annexation of, contiguous territory. Dillon Mun. Cor. [3 Ed.] sec. 185, and cases cited. (3) The city had the power to extend the corporate limits in the manner shown by the agreed statement. R. S. 1879, sec. 4932. (4) The ordinance in question will be presumed to be a reasonable exercise of a power granted by the statute, and will not be held void for unreasonableness, unless clearly shown to be unreasonable. *St. Louis v. Weber*, 44 Mo. 547; *Corrigan v. Gage*, 68 Mo. 541; *St. Louis v. Spiegel*, 8 Mo. App. 478.

SMITH, P. J.—This case was submitted to the circuit court of Clinton county upon the following agreed statement of facts:

*First.* That, at the dates hereinafter mentioned, plaintiff was, and now is, a city of the fourth class. *Second.* That, on the fourteenth day of March, 1887, the board of aldermen of said city passed an ordinance, which was on the same day approved by the mayor, which said ordinance was entitled: "An ordinance to extend the city limits." That it was provided in said ordinance that at the regular city election, to be held on the first Tuesday in April of said year, 1887, there should be submitted to the qualified voters of said city a proposition to extend the corporate limits of the city, so as to include the territory in said ordinance described. Said ordinance further provided that notice

of the intention to submit said proposition should be given by publication in some newspaper, printed and published in said city, for twenty days; the last insertion to be not more than ten days before said election; that thereafter said ordinance was published in the *Jeffersonian*, a weekly newspaper, printed and published in said city, three times successively. Which said last insertion was not more than ten days before said election. *Third.* That at said regular election, held on the fifth day of April, 1887, the proposition to extend the city limits, as provided by said ordinance, received two hundred and one (201) votes, and nine (9) votes were cast against the same. *Fourth.* That thereafter, to-wit, on the nineteenth day of April, 1887, the board of aldermen of said city passed an ordinance establishing the city limits in accordance with the provisions of the ordinance hereinbefore mentioned, which ordinance was duly approved and published. *Fifth.* That, by reason of the said extension of the city limits, the southern boundary line of said city was, and is, placed one-fourth of a mile further south than where it had been located prior to said extension; that within the territory included within said extension is situated the lands of the defendant, then and now kept and alone used for farming purposes, on which defendant then resided, and still resides, and which has not, by recorded plat or sales, been reduced to five acres or less, and not capable of being used as city property, and not demanded for that purpose, nor do they possess a value based upon adaptation for the purposes of residences or business; that within the territory included in said extension were a large number of lots and parcels of land of less than five acres, upon ten of which lots private residences had been constructed prior to the date of said extension; that defendant's land and residence are situated south of said improved lots and parcels, the residence about two hundred and twenty yards, and are not connected with them except by means

of a public highway, which was located and opened prior to said extension. *Sixth.* That, by the authorities of said city, there was levied upon the personal property of the defendant, for the year 1887, the sum of twelve and five-hundredths dollars, being in the aggregate the sum of seventeen and fifty-eight-hundredths dollars for both of said years, which sum, or any other sum, the defendant refuses to pay. The court rendered judgment thereon for the plaintiff, from which judgment defendant has appealed.

I. The leading question submitted for our determination is whether the reasonableness of the ordinance in question, which was passed under the authority conferred by section 4932, Revised Statutes, is the subject of judicial inquiry. In *Giboney v. Cape Girardeau*, 58 Mo. 141, the question was similar to the one now before us, where Judge NAPTON, who delivered the opinion of the court, remarked that "this subject was freely discussed in *St. Louis v. Allen*, 13 Mo. 400, and decided according to the previous case of *Russell v. St. Louis*, 9 Mo. 11, and the opinion subsequently adhered to, and the result of these decisions, was that the power of extending the limits of municipalities, or diminishing them, was a legislative power, and the power of taxation, if granted in the charter, was also intrusted to the municipal legislature, and the judiciary had no right to interfere, unless the taxation was of a character prohibited by the constitution." It is not claimed the taxation, conceding the right to tax, was in conflict with any constitutional provision, but simply that no right of taxation at all existed, on the ground that Giboney was not within the actual town or city, though confessedly within the limits fixed by charter. And this merely comes back to the power of extension, which is, as we have stated, settled in this state." And, in another connection in the same opinion, it is stated that, "In our opinion, it is not a judicial question."

But in the older case of *St. Louis v. Weber*, 44 Mo. 547, where Weber had been fined for keeping a meat shop within the market or limits in which meat shops were prohibited by ordinance in the city, it was held that municipal corporations have none of the elements of sovereignty; that they could not go beyond the powers granted them ; and that they must exercise such powers in a reasonable manner. That the court must judge in each case whether the exercise of the power be reasonable. In *Corrigan v. Gage*, 68 Mo. 541, it was expressly held that an ordinance of a city might· be assailed on the ground that it is unreasonable, and the court, speaking through Judge SHERWOOD, said : "Those powers must be exercised within the bounds of reason and apparent necessity. They must not impose a burden without a benefit. The reasonableness of their exercise is a fit subject for inquiry." In *McMillan v. Schweitzer*, 87 Mo. 402, the court adheres to and reasserts the opinion expressed in the two preceding cases. In the *City of Kansas v. Cook*, 38 Mo. App. 660, we said : "The judicial courts will declare municipal ordinances invalid when they are unreasonable. This power is in the nature of a judicial veto upon the acts of municipal legislatures." The endeavor to reconcile the various inharmonious and conflicting rulings of the appellate courts of this state in respect to this question would be vain and fruitless. When the supreme court has rendered an opinion in which it has passed *sub silentio* a former one on the same subject and has overruled it by the clearest implication, we feel it incumbent upon us to heed the last emanation. We, therefore, think that in view of the more recent decisions of the supreme court that the reasonableness of the ordinance mentioned in the facts agreed is open to judicial inquiry.

II. Assuming, therefore, as we must, that the question of the reasonableness of the said ordinance is

open to judicial scrutiny, the further and decisive question in the case here is whether the same is unreasonable. The grounds upon which an ordinance may be declared void for unreasonableness have been said to be three : *First.* Where it is oppressive, unequal and unjust ; *second,* when it is altogether unreasonable, and, *third,* when unreasonable. *City of Cape Girardeau v. Riley,* 72 Mo. 220 ; *Corrigan v. Gage, supra.* And a clear case should be made out to authorize an interference upon the ground of unreasonableness. *State v. Pond,* 93 Mo. 606 ; *City of Kansas v. Cook,* 38 Mo. App. *supra.* And when there is a doubt it must be resolved in favor of the validity of the ordinance. *St. Louis v. Griswold,* 58 Mo. 192 ; *State v. Able,* 65 Mo. 357.

Applying these rules to the agreed facts, is there anything stated that would warrant this court in saying the city of Plattsburg had abused or unreasonably exercised the power to extend its limits? We think not. It seems that the defendant's farm on which he resided is included in the new city limits, and that the city has levied an assessment for municipal purposes against his personal property, and this he declines to pay upon the ground that the extension of the city limits is an unreasonable exercise of its statutory power of extension. The statute being confessedly constitutional, the power to pass the ordinance is not open to question. The statute expressly exempts the defendant's lands from the burdens of municipal taxation, while unplatted and devoted to agricultural purposes, but the exemption does not extend to his personal property. On the contrary, under the maxim, "*expressio unius est exclusio alterius,*" it must be considered included within the taxing jurisdiction of the city as is other personal property therein. The mere fact that the defendant's personal property is subjected to taxation unless connected with other circumstances of oppressiveness, inequality or injustice, which do not

appear in the facts agreed, is wholly insufficient to justify us in sustaining the defendant's assault upon the validity of said ordinances, on the ground of unreasonableness. The judgment will, therefore, be affirmed. All concur.