The City of Lamar v. Weidman.

---

CITY OF LAMAR, Appellant, v. B. F. WEIDMAN, Respondent.

Kansas City Court of Appeals, April 9, 1894.

1. **Municipal Corporations:** CITY MARKETS: SCALES AND WEIGH-MASTER. A city of the fourth class has power to establish and regulate markets and scales and appoint a weighmaster.

2. ———: ———: REASONABLENESS OF ORDINANCE. The courts will declare an ordinance void for unreasonableness where it is oppressive, unequal, unjust or altogether unreasonable.

3. ——: ——: POLICE REGULATION: REVENUE. Ordinances regulating markets and weights are strictly an exercise of the police power and are for the protection of the inhabitants of the municipality, and can not be for revenue.

4. ——: ——: ——. While a city may by proper ordinance require all products sold or offered for sale within its limits to be weighed and certified to by the weighmaster, it can not require products weighed in the city to be weighed on the public scales where they are not to be sold or offered for sale within its limits.

5. ——: ——: ORDINANCE VOID IN PART. If a section of an ordinance is void because of unreasonableness it does not necessarily follow that the ordinance in its entirety is void, when the section is not so connected with the general scope of the ordinance as to make it impossible if it is eliminated, to give effect to the intent of the city legislature.

*Appeal from the Barton Circuit Court.*—HON. DAN'L P. STRATTON, Judge.

AFFIRMED.

*E. L. Moore* for appellant.

(1) The power of municipal corporations to erect and maintain public scales, as a police and market regulation, is declared and upheld by all the courts and authorities which have had occasion to consider the question. 1 Dillon's Municipal Corporations [4 Ed.], sec. 391, p. 464; Cooley's Constitutional Limitations [6 Ed.], page 744; *Raleigh v. Sorrell*, 1 Jones' Law, (N. C.) 49; *Stokes v. Corporation of New York*, 14 Wend. 87; *Yates v. Milwaukee*, 12 Wis. 752; *Davis v. Town of Anita*, 18 Am. and Eng. Corp. Cas. 502; *Savannah v. Cullins*, 38 Ga. 334; 95 Am. Dec. 398; *State v. Tyson*, 16 S. E. Rep. (N. C.) 238; 111 N. C. 687; Section 1589, R. S. of 1889; 1 Dillon's Municipal Corporations [4 Ed.], sec. 391, p. 464. General welfare clauses are not useless appendages; they are designed to confer other powers than those specifically named. *City of St. Louis v. Schoenbusch,*

95 Mo. 618, 622. (2) As to the proposition of unreasonableness, the manner of exercising the police power is a matter largely within the discretion of the legislative body, and the courts will not interfere unless the power has been grossly abused, and its exercise is clearly unjust and oppressive; the judiciary will not substitute its discretion for that of the legislature. *Kansas City v. Sutton*, 52 Mo. App. 398, 401; *City of St. Louis v. Spiegel*, 8 Mo. App. 478, 482; *State v. Addington*, 12 Mo. App. 214, 220, 228; *State v. Beattie*, 16 Mo. App. 131, 146; *Kansas City v. McAleer*, 31 Mo. App. 433, 436; *City of Chillicothe v. Brown*, 38 Mo. App. 609, 615; *City of Kansas v. Cook*, 38 Mo. App. 660, 665; *City of St. Louis v. Weber*, 44 Mo. 547, 550; *State ex rel. Maggard v. Pond*, 93 Mo. 606, 618; *State v. Burgdoerfer*, 107 Mo. 1, 31. Any fair, reasonable doubt concerning the reasonableness of the exercise of the police power, will be resolved in favor of the validity of the enactment. *State v. Addington, supra*, 220, and the cases cited above.

*Cole & Ditty* for respondent.

(1) A city of the fourth class has no authority under the law to establish and maintain scales, except as incident to a market. There was no pretense that appellant was attempting to establish or regulate a market. R. S. 1889, sec. 1589. Section 10 is an act in excess of the power conferred by law in the city of Lamar, and is therefore illegal and void. R. S. 1889, sec. 1589; 1 Dillon Mun. Corp. 89; *St. Louis v. Laughlin*, 49 Mo. 562; *St. Louis v. Herthel*, 88 Mo. 128; *St. Louis v. Tel. Co.*, 96 Mo. 623. (2) This ordinance is void because it is unreasonable. The court was justified in holding it so. *St. Louis v. Weber*,

44 Mo. 547; Hannibal v. Tel. Co., 31 Mo. App. 23; Corrigan v. Gage, 68 Mo. 544; Railroad v. City, 85 Mo. 674; Kelly v. Meeks, 87 Mo. 401. Cooley on Taxation, 528, 529. (3) The ordinance was void because it creates a monopoly. Tiedeman on Police Powers, 317–327, sec. 105. (4) It is apparent from the force of the entire ordinance that its sole object is not to regulate weights, but to raise revenue. Police powers conferred by statutes can not be used for purposes of revenue. Knox City v. Thompson, 19 Mo. App. 523; St. Louis v. Green, 7 Mo. App. 468; St. Louis v. Ins. Co., 47 Mo. 151.

Smith, P. J.—The city of Lamar is a city of the fourth class. The statute provides that cities of the fourth class have "power, by ordinance, to establish and regulate markets; and to pass such other ordinances for the regulation and police of said city, and commons thereto appertaining, as they shall deem necessary; and to pass such ordinances not inconsistent with its provisions, as may be expedient in maintaining the peace and good government, health and welfare, of the city, its trade, commerce and manufactories, and to enforce the same by fine and penalties and forfeitures, not exceeding $100. R. S. sec. 1589. The city passed an ordinance providing for the weighing of hay, coal and other articles and defining the duties of city weigher. The tenth section of the ordinance provides that "If any person other than the city weigher aforesaid, shall demand, take or receive any money, charge, fee or compensation whatever by discount, payment, exchange or otherwise, from any person or persons, company or corporation, for the weighing of any hay, grain, straw, lime, sand, live stock, produce, or other commodity of whatsoever kind or nature, within the corporate limits of the city of Lamar, the person demanding, taking or

receiving such money, charge, fee, compensation or discount, or by exchange, for such weighing, shall be deemed guilty of a misdemeanor, and fined not less than $5 nor more than $100; provided, that if such article shall also be weighed on the city scales, and payment therefor be made as heretofore provided, then no offense shall be charged."

The defendant was charged upon the oath of the city marshal with violating the provisions of said section. In the circuit court the defendant filed a motion to quash the complaint which after hearing all the evidence was sustained and judgment given for defendant from which plaintiff has appealed. The principal ground upon which plaintiff bases its appeal is that the circuit court erred in ruling that said ordinance which was introduced in evidence was an act in excess of the power conferred upon it by the statute as a city of the fourth class and that therefore it was void. The following is a fair epitome of the ordinance: The first section provides for the purchase of the scales, and it is admitted that the city had good and sufficient scales in operation, in a convenient and accessible place, constantly attended by the weighmaster; it also impresses upon the scales the character of public scales; the second section provides for the appointment of the weigher; the third directs what the weigher's certificate shall contain, and the fourth defines his duties, and provides penalties for omissions thereof; the fifth prescribes the fees for weighing, which are admitted to be reasonable and customary; the sixth gives authenticity to the weigher's certificate of weight; the seventh, eighth and ninth sections provide for accountings between the weigher and board of aldermen, for his receipts, which must necessarily be provided for, unless the weigher is to receive them all; the tenth section is the one admitted to have been violated and already set

forth; the eleventh section prohibits weighing on the public streets; the twelfth, thirteenth and fourteenth are the leasing provisions, and the fifteenth requires the city weigher to enter into a bond in the sum of $1,000, conditioned for the due performance of his duties.

The statute, already quoted, conferred upon the city ample power to "regulate markets" by ordinance. Without the special grant we think the general welfare clause conferred all the power needed for that purpose. Indeed it is difficult to 'preceive how the statute could have been made more comprehensive. It has been held that power given to a city "to regulate the public market and to pass such other ordinance as shall seem meet for the improvement and good government of the city" authorizes an ordinance requiring oats, hay, etc., to be weighed by the public weigher before being offered for sale and imposing a penalty for its violation. *Raleigh v. Sorrell*, 1 Jones' Law (N. C.) 49; Dillon Municip. Corp., sec. 391. Laws requiring articles to be inspected or weighed and measured before being sold are in the nature of police regulations and when reasonable in their nature are not regarded as being in restraint of trade. Dillon Municip. Corp., sec. 390, and cases cited in note 3. While we think the subject of the ordinance is clearly within the statutory grant, still the more difficult question remaining is whether the tenth section thereof upon which the complaint was based, is invalid because unreasonable. The grounds upon which an ordinance may be declared void for unreasonableness have been repeatedly held to be where it is oppressive, unequal, unjust or altogether unreasonable. *Plattsburg v. Riley*, 42 Mo. App. 18; *City of Kansas v. Cook*, 38 Mo. App. 660; *Chillicothe v. Brown*, 38 Mo. App. 610; *Cape Girardeau v. Riley*, 72 Mo. 220; *Corrigan v. Gage*, 68 Mo. 541; *St. Louis v. Weber*, 44

Mo. 547; *Railroad v. Springfield*, 85 Mo. 674; *Kelly v. Meeks*, 87 Mo. 401.

Nothing but the clearest case of partial, unfair and unreasonable oppression would warrant an interference on the part of the court in the case of the by-laws of a municipal corporation on a subject within the scope of its ordinance-making power. *City of St. Louis v. Speigel*, 8 Mo. App. 478. And a clear case must be made out to authorize an interference on the ground of unreasonableness. *City of Plattsburg v. Riley*, *supra*; *State v. Pond*, 93 Mo. 606. And where there is a doubt it must be resolved in favor of the validity of the ordinance. *St. Louis v. Griswold*, 58 Mo. 192; *State v. Able*, 65 Mo. 357. Municipal corporations are *prima facie* the sole judges of the necessity of these ordinances and courts will not ordinarily review their reasonableness when passed in strict pursuance of an express grant of power. *Hannibal v. Tel. Co.*, 31 Mo. App. 23; *St. Louis v. Green*, 7 Mo. App. 468; s. c., 70 Mo. 562.

Ordinances regulating markets have been sustained as being reasonable and conducive to health and good government of municipalities. The power to pass an ordinance regulating weights is incident to and part of the grant to "regulate markets." It is therefore strictly a police power. It is exercised for the purpose of affording protection to the inhabitants of a city against false and fraudulent weights in the sale and exchange of commodities. It is usually rendered effective by ordinances providing that the seller shall not offer a commodity for sale without the production of the municipal weighmaster's certificate under a prescribed penalty. There may be, and doubtless are, other modes equally effective which may be provided by ordinance. But such does not seem to be the object and scope of

the tenth section of the plaintiff's ordinance. It prohibits, under penalty, any person from weighing any article or commodity and charging a fee therefor whether such commodity is offered or to be offered for sale in the city or not. Persons may for their own information or convenience desire to have coal, grain, livestock and the like weighed which they have purchased, or intend selling, outside of the city. And there may be other circumstances, disconnected with an intention to expose to sale on the market of the city, which would make it desirable and convenient to have an article or commodity weighed. It would be manifestly unjust and oppressive to require persons in such cases to use the public scales instead of those of a private individual. Such transactions are not the subject of police regulation. Certainly it is no concern of the city as to where, or by whom, one may have his grain, coal or live stock weighed unless he intends to offer the same for sale within its limits. It is only upon the idea that these things are to be exposed for sale on the market of the city that their weight becomes the subject of its police regulation; otherwise they are not. It is conceded that if the object of the tenth section were to raise revenue alone that the same could not be upheld.

It seems to us that this provision of the ordinance is not within the grant of power conferred by the statute, and, tested by the rules we have already referred to, it is besides unreasonable, oppressive and unjust and can not be upheld. But while this is so we do not think that it necessarily follows that the ordinance in its entirety is void. This section is not so connected with the general scope of the ordinance as to make it impossible, if it is eliminated, to give effect to what seems to have been the intent of the city legislature; and therefore, the unobjectionable parts of it may

stand while the invalid section may be rejected. *St. Louis v. Railroad*, 14 Mo. App. 221; s. c., 89 Mo. 44.

There are some other points suggested in the briefs of counsel, but in the view which we have taken of the case it becomes unnecessary to notice them.

The judgment must be affirmed. All concur.