# GEORGE W. SHAW, Respondent, v. LUDWIG STOELTZING et al, Appellants.

**Kansas City Court of Appeals, May 18, 1914.**

1. **TAX BILLS: Ordinance: Unreasonable: Matters to Consider.** In passing on question of reasonableness of a city ordinance grading a street to the city limits, the court may consider its use and benefit in connecting two cities eight miles apart, and that in ending at the city limits, it will connect with a county road to be improved by the county, and that these will make a continuous highway from city to city.

2. ————: **Reasonable: Presumption: Evidence.** A court may declare a city ordinance improving an outlying street unreasonable if it is very clearly shown to be such. But every presumption is in favor of the action of the city council, which can only be overthrown by clear and convincing evidence.

3. ————: **Declaration by Court as Matter of Law.** When the evidence fails to clearly show that the action of a city council in passing an improvement ordinance is unreasonable the court may so declare as a matter of law.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone, Judge.*

AFFIRMED.

*Ruby D. Garnett* and *E. H. Wright* for appellant.

(1) The facts in this case were for the consideration of the jury, as in any other case. 28 Cyc. 390; White v. Railroad, 44 Mo. App. 540; Zumwalt v. Railroad, 71 Mo. App. 670; Clason v. Milwaukee, 30 Wis. 316; City of Austin v. Cemetery Ass'n, 28 S. W. 528. (2) The ordinance under which the tax bills in question were issued is void as being unreasonable. Skinker v. Heman, 148 Mo. 355; St. Louis v. Weber, 44 Mo. 550; Hannibal v. Telephone Co., 31 Mo. App. 28;

Springfield v. Jacobs, 101 Mo. App. 340; Corrigan v. Gage, 68 Mo. 541; Cape Girardeau v. Riley, 72 Mo. 223; St. Louis v. Russell, 116 Mo. 252, 258; Commissioners v. Gas Co., 12 Pa. St. 318.

*W. S. Flournoy* for respondent.

(1) The only question in this case is: "Was the ordinance so unreasonable as to be void?" This was a question of law to be disposed of by the court; not by the jury. St. Louis v. Spiegel, 8 Mo. App. 478; Plattsburg v. Riley, 42 Mo. App. 18; White v. Railroad, 44 Mo. App. 540; Lamar v. Weidman, 57 Mo. App. 508; St. Louis v. Griswold, 58 Mo. 192; Zumault v. Railroad, 71 Mo. App. 670; Skinker v. Heman, 64 Mo. App. 450; State v. Able, 65 Mo. 357; Gratiot v. Railroad, 116 Mo. 467; State ex rel. v. West Plains, 163 Mo. App. 166; Ex parte Frank, 52 Cal. 606; Lake View v. Tate, 130 Ill. 247; Burlington v. Unterkercher, 99 Iowa, 40. (2) The presumption is always in favor of the validity of an ordinance of a city, acting within the scope of its authority, and hence such an ordinance will not be adjudged invalid for unreasonableness, except upon very strong, plain and convincing testimony. Lamar v. Weidman, 57 Mo. App. 508; Plattsburg v. Riley, 42 Mo. App. 18; State v. Pound, 93 Mo. 606; St. Louis v. Griswold, 58 Mo. 192; State v. Able, 65 Mo. 357; Gratiot v. Railroad, 116 Mo. 467; Morse v. West Port, 110 Mo. 508; Tarkio v. Cook, 120 Mo. 1; St. Louis v. Theatre Co., 202 Mo. 690; Hislop v. Joplin, 250 Mo. 599.

ELLISON, P. J.—Plaintiff seeks to enforce the lien of special tax bills issued by Independence, a city of the third class. He recovered judgment in the circuit court.

The bills were issued in part payment for grading Independence avenue in the city of Independence, under an ordinance, duly ordained for that purpose and

the only defense made to the bills is that this ordinance was so unreasonable as to be void. The trial court held the defense not good and declared, as a matter of law, that the ordinance was not unreasonable.

The ordinance provided for the grading of Independence avenue from River boulevard to the western city limits, a distance of about eleven hundred feet. Defendant owned property abutting the south side of the avenue. River boulevard is an old established macadamized street beginning (speaking in a general way) in the western or northwestern part of Independence City and running north to the city limits, thence further on, as a macadamized county road, where it connects with highways leading to different near-by villages with important business plants. The first of these connections running west was about one-half mile north of the avenue in controversy and the first improved street south of it (College street) is about one-quarter of a mile away. The avenue in controversy is in line with a macadamized county road which leads into Independence avenue, a highway running on west, through Kansas City. This latter avenue at a point west of the end of the grading on the avenue in question, turns to the south for a distance and then again to the east into Independence City.

The case will be better understood when it is stated that Independence City is a city of about 10,000 inhabitants and that the corporate line of Kansas City a place of about three hundred thousand population, is only about eight miles distant, and that while naturally there is much travel and traffic between the two cities, there is but two improved highways connecting them, and the avenue in controversy would enter one of these if extended a short distance further on west; and where so extended, would make a direct line of connection between Kansas City and Independence City and afford an immediate outlet for all the northern portion of Independence City and the country

north of it, desiring to go into Kansas City or intervening places, one of these being a park.

The foregoing shows that there was a space of three-fourths of a mile with no outlet west from Independence City to Kansas City unless one travelled an inconvenient distance south. This situation clearly made the improvement of the avenue in question quite proper, unless other circumstances can overcome the showing thus made. It seems that the improvement is over rough ground and that the grading ends abruptly without apparent connection, though in fact, Chrisler avenue in unimproved condition, yet travelled, does connect with it. It further appears that not many people, perhaps none, live along the line, though perhaps a dozen houses are a little to the northwest of the end of the grade and that the people living in them use the avenue in going into the main part of the city. But it further appears, as already intimated, that the end of the improvement is on the city limits and that the street really extends on as a county road, entering, in a short distance, the Independence road running on west into Kansas City where it becomes Independence avenue in that city. So that when the county improves this intervening distance, there will be a continuous highway running from River boulevard, Independence City, to Kansas City. The ordinance cannot be said to be unreasonable because it provides for a grade that stops at city limits when in point of fact the street extends on, as a county road, and which must be improved by the county court instead of the city council. We have a right to consider the fact that this improvement will be the means of connecting two large and populous communities. That its effect will necessarily be of great convenience and advantage and large benefit to a great part of the people of the Northern part of Independence City, not only in letting them out, but in letting others into the city.

Much latitude in the exercise of discretionary power must be left to the city council. Their action within the limits of their power must be very clearly shown to be unreasonable before it will be nullified by the courts. [City of Plattsburg v. Riley, 42 Mo. App. 18; City of Tarkio v. Cook, 120 Mo. 1.]

In Morse v. City of Westport, 110 Mo. 502, the decision contains the following, "And where, as here, it must be conceded that the municipal corporation has the general power to pass the litigated ordinance, the mere passage of the ordinance makes out a prima-facie case for the validity of the ordinance, so far as concerns any question of unreasonableness; the presumption is in favor of the exercise of the power by the city authorities, as being a reasonable and legitimate exercise of such power. When the courts are called upon to exercise the judicial power in declaring a municipal ordinance unreasonable, they will make such a declaration only when the prima-facie case made by the passage of the ordinance is overcome in the most satisfactory manner."

The Supreme Court in Hislop v. Joplin, 250 Mo. 588, 599, states the rule as follows: "It is argued that the extension was unreasonable and therefore invalid. Since it was within the statutory power of the council to provide by ordinance for the extension of the city limits, the particular ordinance here involved is presumed to be reasonable and valid until that presumption is overthrown by evidence which clearly shows the contrary, and courts will not 'look closely into mere matters of judgment where there may be a reasonable difference of opinion' (citing authorities). The burden was upon plaintiffs to prove facts clearly establishing the unreasonableness of the ordinance assailed."

One of defendant's objections to the judgment is that the court should not have held the ordinance not to be unreasonable as a matter of law, and that it was

a question for the jury. We are however satisfied, under the authorities just cited, that the evidence was such as fully to justify the court in declaring, as a matter of law, that the ordinance was not unreasonable.

We think no other judgment could have been rendered and it is accordingly affirmed. All concur.