## HAYES vs. THE CITY OF APPLETON.

*Municipal ordinance in restraint of trade, held void.*

A city charter authorizes it to regulate the time, place and manner of holding public auctions; but declares that all ordinances, etc., adopted, shall be " for the government and good order of the city, for the suppression of vice, the prevention of crime, and for the benefit of the health, *trade and commerce thereof.*"    An ordinance prohibiting any licensed auctioneer from selling at auction *after sundown, held* invalid (as an unreasonable interference with the freedom of trade), in the absence of proof that it was necessary for any of the purposes above mentioned.

ERROR to the Circuit Court for *Outagamie* County.    An ordinance of the common council of the city of Appleton declared that no licensed auctioneer should " sell any goods, wares or merchandise after sundown." *Hayes*, who was a licensed auctioneer in that city, was found guilty in a justice's court of a violation of this ordinance, and fined therefor.    On *certiorari*, the judg-

ment was affirmed by the circuit court; and thereupon *Hayes* sued out his writ of error from this court.

*Hudd & Wigman* (with *Felker & Weisbrod*, of counsel), for plaintiff in error, contended that the ordinance was illegal and void, as being an unreasonable restraint upon trade, and also in conflict with the general laws of the state. R. S. ch. 54, § 8 ; ch. 106, Laws of 1868 ; Cooley's Const. Limitations, 198–203 ; 3 Hill, 209 ; 5 Cow. 462 ; 30 Ala. 461 ; 16 Pick. 121 ; 14 Mich. 41 ; 15 id. 525 ; 19 Johns. 124 ; 6 Wis. 539 ; Angell & Ames on Corp., §§ 347–357 ; 1 Smith's Lead. Cas. (6th ed.), 658 ; 11 Coke, 53 ; 7 Term, 543 ; 9 B. & C. 52.

*H. Pierce*, for defendant in error, as to the validity of the ordinance, cited the statutes authorizing the common council to regulate the *time*, place and manner of holding public auctions, Laws of 1865, ch. 258, title 4, § 2, subd. 15 ; and Angell & Ames on Corp., ch. 10, §§ 325 and 357 ; *Bush v. Seabury*, 8 Johns. 418 ; *Village of Buffalo v. Webster*, 10 Wend. 100 ; *Stokes v. Corporation of N. Y.*, 14 Wend. 87 ; *The Mayor et al. of N. Y. v. Odrenan*, 12 Johns. 122 ; and Story on Cont. (3d ed.), ch. 18, § 554.

DIXON, C. J.    The question presented in this case is, whether the common council of the city of Appleton had authority to pass the ordinance in controversy? Section two of chapter four of the charter provides, that the common council shall have authority, by ordinances, resolutions or by-laws, among other things, "to regulate the time, place and manner of holding public auctions." Laws of 1865, ch. 268. And like authority is conferred by section eight, chapter 54, R. S. It is not claimed, under the power thus given, that the common council may arbitrarily pass what ordinances it pleases with respect to the time, place and manner of holding public auctions. The authority conferred is a limited one, expressly so, by the same section of the charter,

which declares that the ordinances, rules and by-laws shall be for the government and good order of the city, for the suppression of vice, the prevention of crime, and for the benefit of the health, trade and commerce thereof, and that they shall not be repugnant to the constitution and laws of the United States or of this state. The power of the common council, therefore, extends only to the making of regulations that are for the good of the city. They must be such as prudence and reason require, not unnecessarily prejudicial to private rights and interests, and not inconsistent with the laws of the state. It is not shown in the case what evil was to be prevented or good promoted by the passage of the ordinance in question; nor can we judicially see that any restriction of the kind was necessary. No cause for it, whether good or bad, is even suggested in the brief submitted by counsel for the city; and it is impossible for us to conjecture that any sufficient one existed. We can readily conceive that there might be times and circumstances when the exercise of some such restraining power might be necessary and proper. If, for example, in times of great popular excitement and tumult, the assembling of people in considerable numbers at auction rooms and such places after sundown might lead to riots and disturbances of the public peace, the restriction would undoubtedly be lawful. And so, too, it might be proper to restrain such sales on particular days or at particular places; or, if the manner of conducting them was particularly objectionable, to prescribe how they should be conducted. But in these and all like cases, the reasons for the restriction must be shown in proof. The court cannot take judicial notice of them. For all the purposes of jurisdiction in cases of this kind, the common council is like a court of inferior and limited jurisdiction; and the facts showing that it had power to pass the ordinance must be made to appear. It must appear that the purpose of the ordi-

nance is a beneficial one within the meaning of the charter. *Dunham v. Trustees of Rochester*, 5 Cow. 462. The selling of property at public auction being a lawful business, so recognized by the statutes of the state, and the prohibition in question being general in its character, restraining the transaction of such business at particular hours during each day when it is customary throughout the country to transact it, and having been enacted without any sufficient cause shown, it follows that it is an unreasonable and unlawful interference with the freedom of trade, and that the ordinance is for that reason void.

The judgment of the circuit court, and that of the justice of the peace, must therefore be reversed.

*By the Court.* — So ordered.