Halpin v. Campbell, *Appellant.*

**Municipal Corporation**: SPECIAL TAXATION FOR STREET IMPROVEMENT. A city ordinance which authorizes the cost of grading a section of a street to be charged against, not only the property fronting on that section, but also property fronting on another section which has already been graded at the cost of that property exclusively, is so inequitable and unjust that it will not be sustained, unless the power to enact it is clearly given by the charter; and even then it is doubtful if it could be upheld.

*Appeal from Jackson Circuit Court.*—Hon. S. H. Woodson, Judge.

Reversed.

*Gage & Ladd* for appellant.

*F. M. Black* and *Tichenor & Warner* for respondent.

Henry, J.—This was a suit upon two tax bills for grading Fifth street from Charlotte street to the eastern limits of the City of Kansas.   By an ordinance of the city the grading was authorized, and the contract was made and the work done in pursuance of the ordinance.   A section or part of the street upon which defendant's property fronted and against which this assessment was made, had previously been graded under an ordinance of the city, and defendant's property in question was assessed to pay, and paid its due proportion of the expense of that work, while the balance of the property on that street, not fronting on the section then graded, was not required by the ·ordinance to, nor did it pay any portion of such expense. By the ordinance under which the grading was done,

which is the foundation of this suit, not only the property fronting on Fifth street from Charlotte street to the eastern limits of the city, was charged with the expense of grading that part of the street, but the property which had already been taxed under the ordinance of 1870 for grading Fifth street from the east line of the alley between Grand avenue and Oak street, to the east line of Troost avenue, including defendant's property in question, was also required to bear its proportion of the expense.

The power to grade a part of the street, and for that purpose to make the property fronting that part of the street alone bear the expense of the work is conceded. *Garrett v. The City of St. Louis*, 25 Mo. 505; *Inhabitants of Palmyra v. Morton*, 25 Mo. 595; *City of St. Joseph v. Anthony*, 30 Mo. 537. But to exempt the property adjoining the balance of the street from paying any part of that cost, and when the balance is graded require the property adjoining that portion which has already been graded at its exclusive expense, to bear a proportion of the expense of grading such balance, is so inequitable and unjust, that the power of the city to require it would have to be so clearly and expressly given as to be beyond a doubt before it could be conceded, even if then it could be upheld. It would be to make a portion of the citizens bear the whole burthen of improving the street in front of their property and then take their money to improve the street in front of their neighbor's premises. " The assessment upon the lot owners fronting on the street," said Judge NAPTON in *Garrett v. St. Louis, supra*, " is an exercise of the taxing power." The power to levy such an assessment, therefore, must be exercised by a municipal corporation with a proper regard to the constitutional provision requiring " all property subject to taxation to be taxed in proportion to its value."

The entire property adjoining a street is the property subject to taxation for its general improvement, and if such improvement be made in sections, and the property adjoining the first section is required to bear the entire ex-

pense of improving that section, and then to bear its proportion of the expense of improving successive sections, the property in the first section will, in the end, have borne a proportion of the entire expense greater than that which its value bears to that of all the property on the street. Such legislation, even if not inimical to the constitution, is so obviously unequal and unjust that it cannot be sanctioned unless the power to pass such an ordinance be too clearly given to the municipality to admit of any question. The judgment is reversed. All concur.