KELLY *et al. Appellants*, v. MEEKS.

1. **Constitution**: WHEN A LAW WILL BE DECLARED UNCONSTITUTIONAL. The courts will not declare an act of the general assembly unconstitutional, unless the conflict with the constitution is so manifest as to leave no doubt on the subject.

2. ————: GENERAL LAW. The act of the legislature of March 11, 1885 (Acts 1885, p. 63), authorizing any city containing more than twenty thousand, and less than two hundred and fifty thousand inhabitants, existing by virtue of special or local laws, to extend its limits, etc., is a general law, and is therefore not within the inhibitions of the constitution against the enactment of special or local laws for the regulation of cities and towns.

3. ————: LAW AUTHORIZING CITIES TO EXTEND THEIR LIMITS. While such acts conferring on cities the power to extend their limits are constitutional and valid, yet the power so conferred must be reasonably and properly exercised.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*J. S. Brooks* and *Gage, Ladd & Small* for appellants.

(1) The act of the general assembly in question (Laws 1885, p. 63), is a special and local law, and as such is prohibited by the constitution. *Davis v. Clark* (Pa.) Reporter, Nov. 9, 1884 ; *People v. Chautauqua*, 43 N. Y. 10 ; *Brown v. Denver*, 7 Col. 305. (2) The title of the act does not mention cities which might hereafter have more than twenty thousand and less than two hundred and fifty thousand, and hence leaves it ineffectual and void as to all cities except those mentioned in the title, and the simple question to be determined, is whether a law passed with reference to Kansas City and St. Joseph, and exclusive of every other city in the state, is a local or special law. (3) The act is void because the power to extend the corporate limits of a municipal corporation is a legislative function, and incapable of delegation. *People v. Bennett*, 29 Mich. 451 ; *People v. Carpenter*, 24 N. Y. 89 ; *Lexington v. McQuillan*, 9 Dana (Ky.) 513. (4) The act is also unconstitutional because it is an amendment by a local or special law to the charter of the City of Kansas. The charter is a public law, and cannot be amended in a manner different from other laws. Const., art. 4, sec. 34 ; *Booth v. Woodbury*, 32 Conn. 118. (5) The common council of a municipal corporation cannot pass ordinances or by-laws affecting people residing without the corporate bounds. *People v. Keeler*, 29 Hun, 175 ; *In re Flatbush*, 60 N. Y. 398.

*E. L. Scarritt, W. A. Alderson, C. O. Tichenor, James Gibson* and *Jefferson Brumback* for respondent.

(1) Every possible presumption exists in favor of the constitutionality of an act of the general assembly. *State ex rel. v. Laughlin*, 75 Mo. 147, 150 ; *State v. Able*,

·65 Mo. 357, 361 ; *County Court v. Griswold*, 58 Mo. 175, ·192 ; *State ex rel. v. The Cape Girardeau & St. L. .R. R.*, 48 Mo. 468, 470 ; *Stephens v. St. Louis National Bank*, 43 Mo. 385, 390 ; *Walker v. City of Cincinnati*, ·21 Ohio St. 14, 41 ; *Bourland v. Hildreth*, 26 Cal. 162, 183. (2) The act in question is not a local or special ·one. *Rutherford v. Heddens*, 82 Mo. 388 ; *State ex rel. v. Hermann*, 75 Mo. 340 ; *State ex rel. v. Tolle*, 71 Mo. ·645. (3) The objection that the act is unconstitutional ·because its title is not broad enough, is not well taken. *State v. Miller*, 45 Mo. 497 ; *City v. County, etc.*, 69 Mo. .574 ; *Otoe Co. v. Baldwin*, 111 U. S. 574 ; *State ex rel. v. Ranson*, 73 Mo. 86 ; *State ex rel. v. Laughlin*, 75 Mo. ·367. (4) The legislature has inherent power to organize ·in the first instance, and at any time afterward enlarge ·the limits of any city. *St. Louis v. Allen*, 13 Mo. 400 ; *Santa Rosa v. Coulter*, 58 Cal. 537 ; *County Com'rs v. Bladensburg*, 51 Md. 465 ; *Eagle v. Beard*, 33 Ark. 497 ; *Martin v. Dix*, 52 Miss. 53 ; *New Orleans v. Cazelar*, 27 La. An. 156 ; *Stilz v. Indianapolis*, 55 Ind. 515 ; *Wade v. Richmond*, 18 Gratt. 583 ; *Milwaukee v. Milwaukee*, 12 Wis. 93. (5) And the limits of any city can be extended by the legislature without the consent of the people living within the territory thus incorporated, ·even though the persons within such new territory may be subjected to the payment of taxes for the liquidation ·of the indebtedness of such city previously accrued. ·*County Com'rs v. Bladensburg*, 51 Md. 465 ; *Watson v. Com'rs*, 82 N. C. 17 ; *Eagle v. Beard*, 33 Ark. 497 ; *Martin v. Dix*, 52 Miss. 53 ; *Wade v. Richmond*, 18 ·Gratt. 583 ; *Milwaukee v. Milwaukee*, 12 Wis. 93. ·(6) And the authority to thus extend the limits of any ·city may be delegated by the legislature to the common council of said city, or to some court. *Gibony v. Cape Girardeau*, 58 Mo. 141 ; *Stilz v. Indianapolis*, 55 Ind. 515 ; *Burlington v. Leebrick*, 43 Ia. 252 ; *Taylor v. Ft.*

*Wayne*, 47 Ind. 274; *Wade v. Richmond*, 18 Gratt. .583.

HENRY, C. J.—This is an action commenced in the .Jackson circuit court to recover from respondent certain ·cattle and damages for the unlawful detention thereof. The cause was tried at the September term, 1884, of said ·court, and there was a judgment for defendant, from which plaintiffs have appealed. The cows in controversy were impounded by defendant under an ordinance of the ·City of Kansas, authorizing the impounding of cattle running at large within the city. Plaintiffs' cows were not at large within the original limits of the city, but in the new territory added to the city by the recent extension of the city limits, and the validity of the act of the general assembly authorizing cities of a certain class to extend their limits is contested. There is no ·other question pressed upon our consideration.

Section seven, article nine, of the constitution of 1875, is as follows : " The general assembly shall provide by general laws, for the organization and classification ·of cities and towns. The number of such classes shall not exceed four ; and the power of each class shall be ·defined by general laws, so that all such municipal corporations of the same class shall possess the same powers and be subject to the same restrictions. The general assembly shall also make provisions, by general law, whereby any city, town, or village, existing by virtue of .any special or local law, may elect to become subject to, .and be governed by, the general laws relating to such ·corporations."

The general assembly, by an act approved April 21, 1877, made the classification required by the constitution and also provision by general law, whereby any city or town may elect to become subject to, and be governed by, that law, and the contention is, that the general assembly has no power, either by general or special law,

to amend the charter of any city or town which has not
elected to become subject to and be governed by the gen-
eral law providing classes for cities, towns, and villages.
The same question was before this court in the case of
*Rutherford v. Heddens*, 82 Mo. 388. It was duly con-
sidered and distinctly passed upon, and without any
re-argument of the question, we adhere to the doctrine
therein announced. The legislature, ever since the
adoption of the constitution of 1875, has understood it
as construed in the case of *Rutherford v. Heddens,*
*supra.*

The sewer act of 1881, which gave rise to the con-
troversy in that case—the burial ground laws of 1881
and 1883, the road law of 1883, section fifty-seven, the
registration act of 1881, the park law of 1879, and al-
most innumerable acts in relation to cities and towns,
with special charters, are in direct conflict with the con-
stitution of 1875, if that instrument is to be construed
as appellants' counsel contends it should be. These
above acts were all passed before the decision in the
*Heddens case* was rendered. That case did not lead,
but followed in that construction, and this court, in
recognition of a doctrine which prevails everywhere in
the United States, will not declare an act of the gen-
eral assembly void, as in conflict with the constitution,
unless it is so manifest as to leave no doubt on the sub-
ject. *The State ex rel. Harris v. Laughlin*, 75 Mo. 148.
"In cases of doubt, every possible presumption, not
directly and clearly inconsistent with the language and
subject matter, is to be made in favor of the constitu-
tionality of the act." *State v. Able*, 65 Mo. 362;
*Stephens v. St. Louis National Bank*, 43 Mo. 385; 48
Mo. 468. The general assembly can enact any law not
forbidden, either by the constitution of the state, or the
constitution of the United States, and he who denies its
authority, by general laws, to legislate for cities and
towns, other than those which have elected to go into

the classes provided by the general law, must point out the clause, or clauses, of that instrument by which such legislation is forbidden.

There can be no question that the act under which the City of Kansas extended her limits is a general law. It provides that "any city now containing, or which may hereafter contain, more than twenty thousand, and less than two hundred and fifty thousand inhabitants, organized under special law, or local law, may extend its limits," etc, Sess. Acts, 1885, p. 63. The act contains all the elements of a general, as distinguished from a special, law. *Rutherford v. Heddens, supra,* and authorities there cited.

But it is urged that the act is unconstitutional, because it delegates to the cities a legislative function. Acts of the legislature conferring upon municipal corporations the power to extend their limits have been generally upheld. *Stilz v. Indianapolis,* 55 Ind. 515; *Taylor v. Ft. Wayne,* 47 Ind. 274; *The People ex rel. v. Bennett,* 29 Mich. 451; *Blanchard v. Bissell,* 11 Ohio St. 96; *People v. Carpenter,* 24 N. Y. 86; *Devore's Appeal,* 56 Pa. St. 163; Dillon Mun. Corp., sec. 183. To take from cities the delegated power to legislate would be an act of emasculation. Without the power to legislate, they might be ornamental, but would be wholly useless. It was contended in the oral argument that, if the power to extend their boundaries given to the cities by the act in question is valid, there is no limit to the power, and the City of Kansas might have extended her boundaries so as to embrace the entire county of Jackson. But, in *Corrigan v. Gage,* 68 Mo. 544, it was held that an ordinance of a city may be assailed on the ground that it is unreasonable, and the court (Sherwood, J.) said: "Those powers must be exercised within the bounds of reason and apparent necessity. They must not impose a burden without a benefit, and the reasona-

bleness of their exercise is a fit subject for inquiry." See, also, *St. Louis v. Weber*, 44 Mo. 547.

This cause was tried on an agreed statement of facts, and we find nothing in it which would warrant this court in declaring that the City of Kansas abused or unreasonably exercised its power to extend the city limits. The judgment is affirmed. All concur.