DARIUS WHITE, Respondent, v. THE ST. LOUIS AND SAN FRANCISCO RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, April 21, 1891.

**Municipal Ordinances:** REGULATING THE RUNNING OF RAILROAD TRAINS: JUDICIAL REVIEW. The manner of the exercise of a power expressly granted to a municipal corporation may be so unreasonable or oppressive as to call for judicial intervention. *A fortiori* is such the case, when the power is not expressly granted, but at best necessarily implied, because, in that case, the power cannot exceed the necessity which calls for the implication of it. And *held* that, under this rule and the facts of this case, an ordinance adopted by Marshfield, and prohibiting railway trains from running at a greater rate of speed than four miles an hour within the city limits, was invalid.

*Appeal from the Webster Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED.

*E. D. Kenna* and *L. F. Parker*, for appellant.

*Harry Fyan*, for respondent.

ROMBAUER, P. J.—This is an action to recover single damages for the killing of plaintiff's cow by defendant's train within the corporate limits of the city of Marshfield. The defendant's negligence is charged in the petition to have consisted in the failure to ring the bell, and in running its train at a greater rate of speed than that permitted by the ordinance of the city. There was no evidence of a failure to ring the bell, but it was admitted that the cow was killed by a train while running at a rate of speed in excess of four miles an hour within the limits of the city of Marshfield, and that the county court of Webster

White v. The St. Louis & S. F. Ry. Co.

county had made an order incorporating that city. The plaintiff offered in evidence the following ordinance passed by the board of aldermen of the city:

"That hereafter no passenger, freight or other railway trains shall run within the city limits of the corporation of the city of Marshfield at a greater speed than four miles per hour."

The defendant objected to this ordinance as unreasonable, but it was admitted in evidence. The defendant, demurred to the evidence, but its demurrer was overruled. The defendant then introduced evidence showing that the incorporated area of the city of Marshfield covers one square mile, and the defendant's road runs through it diagonally for over a mile; that only two hundred and twenty acres of the town are platted, and four hundred and twenty acres thereof are farming lands, no part of which is commons belonging to the city, and that the population of the city does not exceed fifteen hundred. The defendant thereupon again requested the court to charge the jury that, under the evidence, the plaintiff could not recover. The court refused the instruction, but, on behalf of plaintiff, gave the following instruction: "If the jury find upon the evidence that the cow in question was struck by the locomotive or train of defendant, running on its road through the city of Marshfield; that the train was running at a greater rate of speed than is allowed by ordinance of said city, viz., four miles per hour, and that the animal was struck by reason of such excessive rate of speed, then they will find for plaintiff."

The jury found for the plaintiff, and the defendant, appealing, assigns for error the admission of the ordinance, the refusal of its instruction, and the giving of plaintiff's instruction.

Cities of the fourth class (as Marshfield is claimed to be) have no express power to regulate the speed of trains within their limits. If such power exists, it is one incidental to the power of a municipal corporation to

pass ordinances necessary for guarding the safety of persons and property within its limits, or a power claimed under the express grant to pass such ordinances as may be expedient in maintai_ing the peace and good government, health and welfare of the city. The *general* rule is, that, where the charter confers on a municipal corporation legislative power over a certain subject, the expediency or necessity, and the extent of the exercise, of such power are not subject to review by the courts. *Hoffman v. St. Louis*, 15 Mo. 414 ; *McCormack v. Patchin*, 53 Mo. 33. But even to this rule there are exceptions. The manner of exercise of a power expressly granted may be so unreasonable or oppressive as to call for judicial intervention. *Corrigan v. Gage*, 68 Mo. 541 ; *Halpin v. Campbell*, 71 Mo. 493. *A fortiori* is such the case, when the power is not one expressly granted, but at best necessarily implied, because in that case the power cannot exceed the necessity which calls for the implication of it. That proposition seems to rest on sound reason, and is amply supported by authority. *Meyers v. Railroad*, 57 Iowa. 555 ; *Toledo, Wabash & Western Ry. Co. v. Jacksonville*, 67 Ill. 37 ; *Tugman v. Chicago*, 78 Ill. 405 ; *Hayes v. City of Appleton*, 24 Wis. 542 ; *Commissioners v. Gas Co.*, 12 Pa. St. 318.

Conceding, therefore, that Marshfield is a city of the fourth class, and that it has incidental legislative power to pass an ordinance restricting to a certain speed railway trains passing through it, is the restriction imposed by this ordinance reasonable? Whether it is reasonable or not, the facts being uncontroverted, is a question of law. *Commonwealth v. Worcester*, 3 Pick. 461. The uncontroverted facts show that the city has a population not exceeding fifteen hundred inhabitants, and that only about one-third of its area is platted, the residue consisting of farming lands. The restriction, if valid at all, extends over this entire area. As far as the farm lands are concerned, the necessity of any restriction whatever is not obvious, and as far as the residue

of the town is concerned, the necessity of a restriction to four miles an hour, which, as we know, is less than the maximum speed permitted in the most populous cities in this state, is equally not apparent. In the absence of any necessity shown, the restriction is clearly unreasonable. If one city may adopt it, they all may, and thereby make rapid transit, in which the people of the entire state are interested, an impossibility.

We conclude that the ordinance is unreasonable, and that the court should have ruled it out on that account. As no other negligence is shown than the violation of this ordinance, we must further conclude that the defendant was entitled to have the jury instructed that, under the evidence, the plaintiff was not entitled to recover.

All the judges concurring, the judgment is reversed.