Kansas City v. Sutton.

KANSAS CITY, Respondent, v. JOHN SUTTON, Appellant.

Kansas City Court of Appeals, January 16, 1893.

1. **Municipal Corporations**: PARTIALITY OF ORDINANCE: PRESUMPTION. The courts will pronounce invalid and inoperative an ordinance found palpably unreasonable, partial and not general, but unjustly discriminating; but partiality, unfairness or oppression must be clear, as the presumption is quite strong in favor of the validity of municipal legislation.

2. ———: ORDINANCE NOT VOID. Police regulations are not to be condemned because not specifically aimed at all persons in whatever business engaged, as they may have an express design of reaching certain classes in certain characters of work. An ordinance fixing the *maximum* load of a two-horse team and wagon, and prescribing a penalty against the contractor employing such team for exceeding such *maximum*, is not void on the ground of partiality.

*Appeal from the Jackson Criminal Court.*—HON. HENRY P. WHITE, Judge.

AFFIRMED.

*Beebe & Watson,* for appellant.

Said ordinance is void. (1) Because it is class legislation. It singles out contractors and corporations who employ any teamster using two-horse wagons, hauling certain material, either by the load or by the day. This renders it void. Dillon on Municipal Corporations, sec. 322; *Chicago v. Rumpff,* 45 Ill. 90. (2) Said ordinance is unreasonable. (3) Said ordinance interferes with the rights of a party to contract.

*James W. Fraher,* for respondent.

(1) Said ordinance is not void. Because it is not partial in its terms or effects. It is directed against a whole particular class of persons, to-wit: "Persons, corporations and contractors employing teamsters." It operates equally on all the class who engage in the "business" of employing teamsters. There can be classification for the purpose of police regulation. *Ex parte Seibenhauer,* 14 Nev. 365; *Amader Co. v. Kenneday,* 11 Pac. Rep. 757; Horr & Bemis on Municipal Police Ordinances, sec. 135, p. 104. (2) Said ordinance is not unreasonable. An ordinance, to be void for unreasonableness, must be plainly and clearly unreasonable. *White v. Kent,* 11 Oh. St. 550; *Neier v. Railroad,* 12 Mo. App. 25; *Sargent v. Railroad,* 1 Handy (Ohio) 52; *St. Louis v. Weber,* 44 Mo. 447. (3) Said ordinance does not interfere with the rights of parties to a contract only so far as is "incidentally unavoidable." *Wetumpka v. Wharf Co.,* 63 Ala. 611; *Cook v. Johnston,* 58 Mich. 437; *Horn v.*

*People*, 26 Mich. 222; Horr & Bemis on Municipal Police Ordinances, sec. 6, p. 5.

GILL, J.—Appeal from the criminal court of Jackson county.

The defendant, a brick contractor, was convicted in the lower court of the violation of an ordinance to prevent the overloading of teams, etc., in that he required a team and teamster employed by him to haul more than nine hundred brick at one load, and the defendant brings the case here by appeal.

I.   The validity of the city ordinance is the only question.   No point is made as to the right in the city to pass an ordinance of this general nature; but it is contended that this particular ordinance should be declared void as being unreasonable, unfair and partial.

The portion of the ordinance necessary to be here repeated reads as follows: "Be it ordained by the common council of Kansas City: "Sec. 1.   No person, corporation or contractor who shall employ any teamster using a two-horse wagon to haul any material within the limits of this city, either by the load or by the day *shall require any such teamster* to haul any dirt, rock, macadam or any other material in loads to exceed the dimensions or weight fixed as hereinafter set forth, viz."   Then follow   the   specifications   in detail of what shall constitute a two-horse wagonload of different materials, naming nine hundred brick as the limit under the ordinance.   It is admitted now that defendant required a team and teamster by him employed to haul one thousand brick contrary to the terms of this ordinance.

The power, undoubtedly, rests with the courts to review the legislation of municipal bodies; and, where it is found palpably unreasonable, partial and not general, but made up of unwarranted, unfriendly and

unjust discrimination as against certain persons, they do not hesitate to pronounce it void and altogether inoperative. 1 Dillon on Municipal Corporations [4 Ed.] sec. 322. It is well, however, to bear in mind that a very clear case of partiality, unfairness or oppression should appear before the courts will interfere with the discretion of the municipal body. The presumption is quite strong in favor of the validity of its legislation. *City of St. Louis v. Weber,* 44 Mo. 547; *City of St. Louis v. Spiegel,* 8 Mo. App. 482; *Chillicothe v. Brown,* 38 Mo. App. 609.

This ordinance is attacked because, it is said, it is directed only as against [those engaged in a certain character of business while it fails, to reach others in different employments. For example, it is urged, the person, corporation or contractor, hiring two-horse teams to haul certain material (such as rock, brick, sand and lumber), is made the subject of this police regulation, while others, such as the wholesale dealers, are not amenable to its provisions. The ordinance is, therefore, claimed to be partial, unfair and not general in its operation.

We do not think this position of the learned counsel can be maintained. Police regulations, such as this, are not to be condemned because not specifically aimed at all persons, in whatever business engaged. Ordinances of this kind may be passed with an express design of reaching certain classes of people who may be engaged in certain characters of work. As is often the case the evil to be corrected only exists in certain quarters. For example, laws or ordinances are passed, and their legality unquestioned, to regulate the saloons, the merchants in handling their goods, the butcher as to when and where his meat shall be slaughtered and sold, the omnibus or hotel runner as to where and when

they may solicit patronage, the express man as to where he shall stand his conveyance, etc. In these and like cases, the legislative body may deem it important and conducive to the public good to throw around such employment certain restrictions; and, so long as every individual so engaged is, in the matter of legislation, treated the same as those in his own class and no law is passed directed against him alone, then the regulation or restriction cannot be charged with being partial, and for that reason void. This manner of legislating in regard to a class is of frequent occurrence and entirely proper. *St. Louis v. Weber*, 44 Mo. 547; *Chillicothe v. Brown*, 38 Mo. App. 609, and cases cited; *City of Kansas v. Cook*, 38 Mo. App. 660; Tiedeman on Limitation of Police Powers, ch. 9. It is only necessary that the "classification be well defined and based on some reasonable distinction. If the members of each class are then treated alike the ordinance is unobjectionable." Horr & Bemis on Municipal Police Ordinances, sec. 135.

The ordinance here under consideration has for its apparent object the protection of the dumb brute, to prevent cruelty to animals, a worthy subject of legislation, and so considered by all enlightened people. It was doubtless a matter of observation to the lawmakers of Kansas City, that this class of persons (such as was the defendant) were habitually causing the maltreatment of the teams of poor dependent haulers, and toward the correction of this evil and the punishment of the real offenders this ordinance was leveled.

The judgment will be affirmed. All concur.