CITY OF PLATTSBURG, Respondent, v. WILLIAM
E. HAGENBUSH, Appellant.

Kansas City Court of Appeals, April 6, 1903.

Municipal Corporations: RAILROADS: SPEED OF TRAIN: OP-
PRESSIVE ORDINANCE. An ordinance of the defendant city
regulating the speed of trains therein to six miles per hour, is
examined in connection with the evidence and is held to be reason-
able as to a portion of the city, but unreasonable and oppressive
as to the remaining portion of the city and, therefore, invalid,
since it subjects railways to needless trouble, delay and expense not
required by the public weal.

Appeal from Clinton Circuit Court.—*Hon. A. D.
Burnes,* Judge.

REVERSED.

*Gardiner Lathrop, S. W. Moore, F. B. Ellis* and
*J. P. Gilmore* for appellant.

(1) The ordinance under which defendant was
convicted is unreasonable, oppressive and void, and
the court should have so declared it. White v. Railroad,
44 Mo. App. 540; Zumault v. Air Line, 71 Mo. App. 670;
Evison v. Railroad, 45 Minn. 370; Meyers v. Railroad,
57 Iowa 555; Burg v. Railroad, 90 Iowa 106; City v.
Tel. Co., 96 Mo. 623; Trenton v. Clayton, 50 Mo. App.
535; Corrigan v. Gage, 68 Mo. 541; Skinker v. Heman,
64 Mo. App. 451; Traction Co. v. City, 71 N. Y. Sup.
977. (2) The court erred in admitting in evidence
ordinance No. 172. St. Louis v. Weitzel, 130 Mo. 600;
Memphis v. O'Connor, 53 Mo. 469; State ex rel. v.
Baker, 74 Mo. 394; State v. Oddle, 42 Mo. 210; Mooney
v. Kennett, 19 Mo. 551; Cox v. City, 11 Mo. 432; Green
v. Indianapolis, 22 Ind. 192; Whitson v. City, 34 Ind.
392; Lamar v. Hewitt, 60 Mo. App. 314; Keane v.

Klausman, 21 Mo. App. 489; Judd v. Railroad, 23 Mo. App. 51; Salisbury v. Patterson, 24 Mo. App. 481; Givens v. Von Studdiford, 86 Mo. 144; Nutter v. Railroad, 22 Mo. App. 328; City v. Harris, 59 Mo. App. 281; Case v. Mobile, 30 Ala. 538; Lewiston v. Fairfield, 47 Mo. 481; Porter v. Waring, 69 N. Y. 250.

*H. T. Herndon* for respondent.

(1)   The power being expressly conferred and the rate of speed having been left to the discretion of the municipal council, the ordinance is prima facie valid. Zumault v. Air Line, 71 Mo. App. 676.   (2) Ordinances of this character have often been upheld by the appellate courts of this State when their reasonableness was called in question.   Gratoit v. Railroad, 116 Mo. 450; Prewitt v. Railroad, 134 Mo. 615; Chillicothe v. Brown, 38 Mo. App. 609; Kansas City v. Sutton, 52 Mo. App. 398; Corrigan v. Gage, 68 Mo. 544; Kelly v. Meeks, 87 Mo. 396; St. Louis v. Weber, 44 Mo. 547; 2 Grant Cas., (Pa.) 291; 8 Iowa 82.   (3)   Appellant does not claim that the cause was not tried upon the proper theory of the law, but complains of the finding of the trial court upon the facts, in refusing to declare the ordinance void under all the evidence in the case.   In cases of this kind the appellate courts will ordinarily defer to the finding of the trial judge.   Judy v. Bank, 81 Mo. 404; Blout v. Spratt, 113 Mo. 48; Parker v. Roberts, 116 Mo. 657; Toler v. McCabe, 52 Mo. App. 532.

SMITH, P. J.—The plaintiff is a city of the fourth class.   The complaint in substance alleged that the defendant, a conductor on the Atchison, Topeka & Santa Fe Railway—a corporation—run the said train through said city at a greater rate of speed than six miles per hour, contrary to the provisions of section 1, of ordinance number 130 of said city, etc.   Said ordinance declared that ''it shall be unlawful for any railroad

company or conductor, engineer, agent or any employee of a railroad company, or other person managing or controlling any locomotive engine, car or train of cars, to run the same within the corporate limits of the city at a greater rate of speed than six miles per hour;'' and that any person convicted of violating said section should be fined not less than five dollars. It is conceded that the defendant did run a train within the corporate limits of the plaintiff city at a rate of speed far in excess of six miles an hour. There was a trial resulting in a judgment for the plaintiff city, and defendant appealed.

The vital question raised by the defendant's appeal is, whether or not the said ordinance is oppressive and unreasonable. The power of the plaintiff city to pass said ordinance is expressly conferred by its charter—the statute, section 5963, Revised Statutes; but the rate of speed to be allowed is left to the discretion of its council, and when that body exercised that discretion and judgment in passing the said ordinance, it was prima facie valid. Zumault v. Air Line, 71 Mo. App. 670; Evison v. Railroad, 45 Minn. 375. It has been settled in this State, since the decision in St. Louis v. Weber, 44 Mo. 547, that municipal corporations have none of the elements of sovereignty; that they can not go beyond the powers granted them, and that they must exercise such granted powers in a reasonable manner. Corrigan v. Gage, 68 Mo. l. c. 544. Ordinances of this kind are passed for the purpose of affording protection to persons and property while on the streets at grade crossings and other places on the line of a railroad where they customarily have a right to go. And a clear case must be made out to authorize an interference by the court on the ground of unreasonableness. Gratiot v. Railroad, 116 Mo. l. c. 467; Corrigan v. Gage, 68 Mo. 544; Kelly v. Meeks, 87 Mo. 396; Zumault v. Air Line, ante; Chillicothe v. Brown, 38 Mo. App. 609; Kansas City v. Sutton, 52 Mo. App. 398.

Turning to the evidence in the present case, and we there find that the plaintiff city contains about 2,000 inhabitants, and that the said railway line runs through it for about three-quarters of a mile. From where it enters the city limits on the east to the first street—which is East street—the distance is upwards of a fifth of a mile, and between that street and the depot there are six grade crossings, and between the depot and the western limits of the plaintiff city are two more street crossings. The right of way of said railway through plaintiff city is from twenty to thirty feet wide. The line enters the plaintiff city at the east on a bridge and from the west end of the bridge to East street, already mentioned, it runs on an up-grade through a cut about ten feet deep, and this cut, but of less depth, extends on west to Main street. It is so curviform that in places the railroad track can not be seen from one crossing to another. It appears that between the eastern limits of the city and East street there are only two or three houses adjacent to the road, but that further north and east of said last-named street is a part of the city in which a great many people reside and from where, in going to the business portions of the city, they cross the said railroad. From East street on west the road passes through a populous part of the city.

This case, as may be seen, differs in many of its facts from that of White v. Railroad, 44 Mo. App. 540, and Zumault v. Air Line, ante. In each of those cases the limitation imposed by the ordinances on the rate of speed applied to a part of the railway line which for a considerable distance passed through territory of merely a rural character, though within the corporate limits; but in this case, the road, with the exception hereafter to be noticed, runs through the thickly populated portions of the plaintiff city over a line, a part of which is not only curviform, but runs through a cut whereon "you can not see from one crossing to another." It is true that on that part of the road extending from the

bridge to East street, a distance of a fifth of a mile, there are but a few houses, and it would seem for this short distance a greater rate of speed could be permitted without detriment to the public. And it may, too, be that if an increase of speed were permitted on that part of the line, it would facilitate the movement of heavy trains entering the city from the east.

We are unable to conclude that the limitation imposed by the ordinance, when applied to trains running on that part of said railroad line between East street and the western limits of the city, is in the least unreasonable or oppressive. A like ordinance limitation in what was doubtless a less populous city was held by the Supreme Court to be not unreasonable. Robertson v. Railroad, 84 Mo. 119. And so, too, it has been held by the same court that an ordinance of the city of St. Louis, limiting the speed of certain trains to six miles an hour, was not unreasonable. Gratiot v. Railroad, ante.

But it seems to us that the limitation as applicable to the movement of trains on that part of the said railroad between the eastern limits of the city and Second street is wholly unnecessary for the protection of the public. In order to conform to that limitation, the railway company is compelled to slow up its trains before reaching the eastern limits of the city, and in that way such trains are subject to an unnecessary loss of time between there and East street. The loss so incurred by any train may not exceed three minutes, yet, if it be subjected by all the cities and villages through which its line runs, where like conditions exist, to a similar loss, the aggregate would be very considerable. But the undisputed evidence showed that the heavy freight trains of the railway company in approaching the city from the east were unable to pull up the grade from the bridge to East street without doubling into the city, which would not be required if a

greater speed were allowed over that part of the road. The subjecting of the railway company to this needless trouble, delay and expense is not required by the public weal.

Accordingly, it seems to us that the limitation imposed by said ordinance in its application to the movement of trains on that part of said railway just mentioned is exceedingly oppressive and unreasonable; and for that reason must be held invalid. The trial court should have given the defendant's instruction in the nature of a demurrer to the evidence, and for its refusal to do so the judgment must be reversed. All concur.