# EUGENE B NEWCOMBE, Respondent, v. RICHARD H. KRAMER, Appellant.

### Kansas City Court of Appeals, May 24, 1915.

1. **SPECIAL TAX BILLS: City Council: Discretion: Ordinance: Reason.**  A city council has large discretion in the passage of ordinances establishing sewers in cities, but it must be exercised within reason, and if an ordinance is so unreasonable as to disclose an arbitrary exercise of power it will be void.

2. ———: ———: ———: **Evidence.**  Evidence as to the establishment of a sewer district and building a sewer, examined and *held* sufficient to justify the trial court in upholding an ordinance attacked as being unreasonable.

3. **CITY CLERK: Ordinance: Attestation: Directory.**  The statute (Sec. 8586, R. S. 1909) requiring a city clerk to attest all ordinances is directory and an ordinance not attested is not void.

Appeal from Buchanan Circuit Court.—*Hon. Wm. H. Haynes,* Judge.

AFFIRMED.

*C. W. Mayer* for appellant.

(1)  The sewer for which the tax bill in suit was issued is in fact a public or main sewer.  Sec. 8765, R.

S. 1909. (2) An ordinance levying a special tax for a local improvement is void when it can be shown that it is unreasonable and an arbitrary abuse of power. Corrigan v. Gage, 68 Mo. 541; Plattsburg v. Hagenbush, 98 Mo. App. 671; Hawes v. Chicago, 158 Ill. 653; Beach on Public Corporations, sec. 90. (3) The ordinance (No. 1443), purporting to create sewer district number 140 is void, because it is not attested by the city clerk, as required by law. Secs. 8557, 8586, R. S. 1909; Bills v. City of Goshen, 117 Ind. 221, 227.

*Culver & Phillip* for respondent.

The ordinance creating the sewer district is not void because the city clerk failed to attest it. St. Louis v. Foster, 52 Mo. 513; Verdin v. City, 131 Mo. 131; Water Co. v. Aurora, 129 Mo. 577; Barber Asphalt Co. v. Hunt, 100 Mo. 25.

ELLISON, P. J.—Plaintiff's action is founded on a special tax bill issued to The Kelly Construction Company for the construction of a district sewer in the city of St. Joseph and assigned to plaintiff. The judgment in the trial court was for the plaintiff.

The validity of the ordinance is attacked as being unreasonable and the result of an arbitrary abuse of power by the city council. Its validity is further assailed on the ground that, while the ordinance names it a district sewer and has assessed the property-owners in a certain district for its payment, it is in fact a public sewer and should be paid for by the whole city.

The law covering the question involved, is plain enough and the facts having been determined in the trial court against defendant, he is laboring under much disadvantage, since if there is any substantial evidence to sustain the finding the judgment must be affirmed.

The power of the legislative department of city government is limited. It may not act arbitrarily be-

yond the scope of reason. [Corrigan v. Gage, 68 Mo. 541; Plattsburg v. Hagenbush, 98 Mo. App. 669.] Such bodies necessarily have large discretion but they cannot abuse such discretion by wanton, capricious or arbitrary enactments.

In his effort to show that the sewer (which is about one-half mile in length) was unnecessary and that its boundaries were unreasonable, defendant insists that the evidence showed the district to be thinly settled, that a large part of it is not platted into lots and blocks, that it is largely vacant and used for gardens.

It is then insisted that the evidence shows the sewer to be a public one which should be paid for by the public at large and not placed as a burden on a limited part. Counsel ask: ''Will a court with these conditions in mind view this pretended sewer district, embracing large tracts of vacant land, widely scattered habitations and a sparse population, and refuse to disturb the action of the council and Board of Public Works, especially since these bodies have for years past, built much smaller and shorter sewers and called them main or public sewers?''

But this view of the evidence is met by plaintiff with a showing of much more favorable conditions justifying the city council. It appeared that the topography of the city is rough. It is built on the bluffs of the Missouri river and covers a territory of hills and valleys. There are several natural courses of drainage, which courses are principally utilized as leaders for main or public sewers, with which district sewers are generally connected. The district in controversy covers territory draining into this sewer, and the latter connects with a sewer leading to the Missouri river. The sewer is so constructed that present and future inhabitants may connect, and the district itself saved the nuisance of the out pouring of sewage into a near-by ditch or branch. Within the district is a large public school building served by this sewer.

We cannot well set down the evidence in detail, but have concluded that it abundantly sustained the finding of the trial court in refusing to declare the ordinance unreasonable. And while we recognize that a municipal legislative body cannot, by mere name, make a district sewer out of what is, in reality, a public or main sewer (Hill v. Swingly, 159 Mo. 45, 49) yet we think the evidence likewise sustains the court in refusing to declare this a main sewer.

It seems the sewer was so constructed that in time of extra heavy rainfall there were safety openings at certain spaces along the top of the sewer whereby security of the sewer was had by allowing its escape. We think the finding of the court is here likewise sustained by the evidence.

Finally it is suggested that the ordinance in question was void for the reason that it was not attested by the city clerk. It is true the statute (Sec. 8586, R. S. 1909) provides that "The duties of the city clerk shall be . . . to attest all ordinances and all signatures of the mayor when necessary, . . ," but it does not provide that the ordinance shall fail of validity if that is not done. We think the statute, should be regarded as directory. [St. Louis v. Foster, 52 Mo. 513; Shea v. City of Muncie, 148 Ind. 14, 34; Landes v. State, 160 Ind. 479, 484; City of Portland v. Yick, 44 Oregon, 439, 446.]

We do not discover anything in the record to justify our interference with the judgment and it is accordingly affirmed. All concur.